IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DANIEL A. HORWITZ,

    *Plaintiff*,

v.

    Civil Case No. 3:24-cv-01180

U.S. DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE,
*et al.*,

    *Defendants.*

---

**DECLARATION OF DANIEL A. HORWITZ IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER & RENEWED MOTION FOR PRELIMINARY INJUNCTION**

---

I, Daniel A. Horwitz, do affirm and state as follows:

1. I am a citizen of the United States and a resident of the State of Tennessee. I am over eighteen years of age and fully competent to make this declaration.

2. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify to these facts, I could and would competently do so under oath.

3. I am the plaintiff in *Horwitz v. U.S. Dist. Court for M.D. Tenn*, No 3:24-cv-1180.

4. On Friday, December 15, 2024, at 2:24 p.m. CST, I received an email from CBS News Producer Daniel Ruetenik asking for an interview about my "work relating to CoreCivic."

5. I would like to participate in the interview to share my current clients' stories—especially Tyrone "T.J." Shaw's—as I and my clients agree that their stories are

1

matters of public interest and that telling their stories would benefit them.

6. If it were not for Local Rule 83.04, the Middle District's past enforcement of that rule against me, and CoreCivic's willingness to invoke the rule against me again, I would have immediately accepted the interview request from CBS News.

7. But because any interview I give about CoreCivic is likely to touch on the categories of content proscribed by Local Rule 83.04 (namely, the evidence in my cases, things that could not be admitted as evidence in my cases, and the character and credibility of CoreCivic and its employees, some of whom could be witnesses in my cases), I could not agree to participate in the interview out of fear that CoreCivic would once again invoke Rule 83.04 in my cases currently pending in the Middle District.

8. Consequently, I told CBS News that I could not participate in the interview until this Court ruled on my claim for injunctive relief in this case.

9. I am likely to continue receiving interview requests about my cases against CoreCivic considering that the Department of Justice's Civil Rights Division and the U.S. Attorney for the Middle District of Tennessee recently opened a joint investigation into CoreCivic's Trousdale Turner facility that the incoming Administration could close. The impending change of Presidential administrations means that there will be a new Deputy Attorney General for the Civil Rights Division and new U.S. Attorney for the Middle District of Tennessee. Those personnel changes will likely prompt further media inquiries about my cases against CoreCivic.

10. I would like to participate in those interviews, too.

11. While participating in the interview with CBS News or any other news organization, I would not say anything that was substantially likely to materially prejudice proceedings in my ongoing cases against CoreCivic.

2

12. But because of Rule 83.04(a)(2)'s presumptions of prejudice and burden-shifting framework, I cannot freely speak about my cases against CoreCivic without enduring the likely enforcement proceedings that CoreCivic will bring against me in response to my public comments.

13. CoreCivic has repeatedly stated publicly, and asserted in litigation in which I was participating as counsel, that it believes the Middle District of Tennessee should prohibit my public commentary about my cases.

14. I have every reason to believe that CoreCivic will continue to rely on Rule 83.04(a)(2)'s presumptions of prejudice and burden-shifting provision so long as those provisions remain in effect.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed December 18, 2024.

_Daniel A. Horwitz_
Daniel A. Horwitz