IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DANIEL A. HORWITZ,
    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Case No. 3:24-cv-01180

U.S. DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, et. al.,
    Defendants.

---

## DECLARATION OF JARED MCCLAIN IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

---

I, Jared McClain, do affirm and state as follows:

    1.    I am a citizen of the United States and a resident of the District of Columbia. I am over eighteen years of age and fully competent to make this declaration.

    2.    I have knowledge of the facts set forth in this declaration, and if called upon to testify to these facts, I could and would competently do so under oath.

    3.    I am a lead counsel in *Horwitz v. U.S. Dist. Court for M.D. Tenn.*, No 3:24-cv-1180.

    4.    On Monday, December 16, 2024, at 11:45 a.m., I contacted lead counsel for the government, AUSA Timothy Thompson, to alert him that CBS News requested to interview Mr. Horwitz about CoreCivic this week, and to ask whether his clients would agree to some general parameters around what Mr. Horwitz could say—at least while the

1

motion for preliminary injunction remains pending—so that he could participate in the interview.

5. The parties had previously discussed stipulating to parameters around Mr. Horwitz's public speech back in October, before Mr. Horwitz filed his motion for preliminary injunction. But they ultimately could not agree to any.

6. In my December 16 email, I pointed out that the U.S. Attorney for the Middle District of Tennessee was quoted in a press release about the Department of Justice's investigation into CoreCivic's Trousdale Turner facility, and I suggested that the parties agree to a general framework that would protect Daniel's rights to make the same types of comments about CoreCivic. Otherwise, I explained, Mr. Horwitz would have to seek a temporary restraining order to expedite the Court's consideration of the issue.

7. On Tuesday, December 17, at 11:06 a.m., AUSA Thompson responded with four reasons why his clients believed that injunctive relief was inappropriate.

8. Then, after I responded to each of those four points and reiterated that a TRO was the only alternative if we could not agree, AUSA Thompson responded again, at 6:46 p.m. that same day, stating that his clients do not believe further email communication on the topic would be productive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed December 18, 2024.

_____
Jared McClain

2