# Exhibit B

# Table of Contents

1. Local Rules of the United States District Court for the Eastern District of Tennessee - Rule 83.2 - Public Statements by Attorneys;

2. Local Rules of the United States District Court for the District of Maryland – Rule 204 – Release of Information by Attorneys;

3. Local Rules of the United States District Court for the Southern District of California - Rule 83.7 - Free Press – Fair Trial Provisions;

4. Local Rules of the United States District Court for the Southern District of Illinois - Rule 83.6 – Fair Trial, Free Press;

5. Local Rules of the United States District Court for the Northern District of Georgia - Rule 83.4 – Restrictions on Media and Release of Information;

6. Local Rules of the United States District Court for the Southern District of Georgia - Rule 83.29 - Release of Information by Courthouse Personnel;

7. Local Rules of the United States District Court for the Southern District of Ohio - Rule 83.1 - Free Press - Fair Trial Provisions.

LOCAL RULES OF
THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

Effective: December 1, 2009
Revised: October 1, 2024

**LR83.2 Public Statements by Attorneys**

**(a)**     **Civil Proceedings.**   No lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to:

    (1)     evidence regarding the occurrence or transaction involved;
    (2)     the character, credibility, or criminal record of a party, witness, or prospective witness;
    (3)     the performance or results of any examinations or tests or the refusal or failure of a party to submit to such;
    (4)     the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and
    (5)     any other matter reasonably likely to interfere with a fair trial of the action.

**(b)**     **Criminal Proceedings**

    **(1)**     **General Statement.**   In connection with pending or imminent criminal litigation with which an attorney or a law firm is associated, it is the duty of the attorney or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

    **(2)**     **Information Regarding Grand Jury Proceedings.**   With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in the investigation shall refrain from making any extrajudicial statement, for dissemination by any means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is under way, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation.

    **(3)**     **Information Regarding Initiation of Prosecution.**   From the time of arrest, issuance of an arrest warrant or the filing of a complaint, information or indictment in any criminal matter until the commencement of trial or disposition without trial, no lawyer associated with the prosecution or defense shall release or authorize the release of any extrajudicial statement, for dissemination by any means of public communication, relating to that matter and concerning:

        (a)     the prior criminal record, including arrest, indictments, or other charges of crime, or the character or reputation of the accused, except that the lawyer may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND



# LOCAL RULES

*JULY 1, 2023*

*(September 2023 Supplement)*

Including

September 2023 Supplement: Expedited Amendment to Appendix C

# RULE 203. SPEEDY TRIAL PLAN

The order establishing time limits and procedures to assure the prompt disposition of criminal cases and certain juvenile proceedings as adopted and amended from time to time by court order is available for public inspection through the Clerk's Office.

# RULE 204. RELEASE OF INFORMATION BY ATTORNEYS

**1.  Generally**

An attorney shall not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if there is a reasonable likelihood that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice.

**2.  Investigations**

Any attorney participating in any grand jury or other investigation shall not make any extra-judicial public statement which goes beyond the public record or which is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any danger, or otherwise to aid in the progress of the investigation.

**3.  Pretrial**

From the time of arrest; issuance of an arrest warrant or the filing of a complaint; information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release, for dissemination by any means of public communication, of any extra-judicial statement concerning:

   a.  The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in the apprehension or to warn the public of any dangers that person may present;

   b.  The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

# United States District Court Southern District of California



# LOCAL RULES

Revised as of:

November 9, 2023

1

Case 3:24-cv-01180   Document 30-5   Filed 12/18/24   Page 7 of 20 PageID #: 202

## Civil Rule 83.6 Gratuities

No person must directly or indirectly give or offer to give, nor must any judge, employee, or attach of this court accept, any gift or gratuity directly or indirectly related to services performed by or for the Court.

## Civil Rule 83.7 Free Press – Fair Trial Provisions

a. **Official Newspapers.** The "San Diego Daily Transcript" of San Diego (published by the "Daily Journal Corporation), being a newspaper of general circulation within the County of San Diego and within above district, and the "Imperial Valley Press" of El Centro, California, being a newspaper of general circulation in the County of Imperial and within the above district, are designated as the official newspapers for publication of all notices required to be published by law or order of this court.

   The Court may, in any case for the convenience of the parties in interest or in the interest of justice, designated any other newspaper for publication of notices as the Court may determine.

b. **Publicity.** Courthouse supporting personnel, including, among others, marshals, clerks and deputies, law clerks, messengers and court reporters, will not disclose to any person information relating to any pending criminal or civil proceeding that is not part of the public records of the Court without specific authorization of the Court, nor will any such personnel discuss with the public the merits of such proceeding while it is pending before the Court.

c. **Photographs, Broadcasts, Video Tapes and Tape Recordings Prohibited.** All forms, means and manner of taking photographs, tape recordings, videotaping, broadcasting, or televising are prohibited in the United States Courthouse Building during the course of, or in connection with, any judicial proceedings, whether the Court is actually in session or not. This rule will not prohibit recordings by a court reporter provided, however, no court reporter or any other person will use or permit to be used any part of any recording of a court proceeding on, or in connection with, any radio, video tape or television broadcast of any kind. The Court may permit photographs of exhibits to be taken by or under direction of counsel. The Court, on motion, may permit the video taping of depositions in rooms other than courtrooms to be used for court proceedings.

d. **Publicity in Criminal Cases.** In criminal cases or proceedings before any judge of this court, prosecuting attorneys and defense counsel, as officers of this court, and their associates, assistants, agents, enforcement officers and investigators, must refrain from making, or advising or encouraging others to make to, for, or in the press, or on radio, television or other news media, statements concerning the parties, witnesses, merits of cases, probable evidence, or other matters which are likely to prejudice the ability of either the government of the defendant to obtain a fair trial.

## Civil Rule 83.8 Non-Appropriated Funds Plan for Administration of the Court Library Fund and Pro Bono Fund

Pursuant to the "Guidelines for Non-Appropriated Funds Maintained by the Courts of the United States" issued by the Director of the Administrative Office of the United States Courts on October 1, 1981, the United States District Court for the Southern District of California has adopted the following plan for the administration and operation of the funds derived from attorney admission fees. These funds will be held by the Court in appropriate depositories, separate from other monies received by the Court. They will be expended at the direction of the Chief Judge, or in accordance with guidelines set forth in Section A of

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS





## LOCAL RULES

Case 3:24-cv-01180   Document 30-5   Filed 12/18/24   Page 9 of 20   PageID #: 204

shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate them, provided that the judgment may make reinstatement conditional upon the payment of all or part of the costs of the proceedings and upon the making of partial or complete restitution to parties harmed by the petitioner, whose conduct led to the suspension or disbarment. If the petitioner has been suspended or disbarred for five years or more, reinstatement may be conditioned, in the discretion of the judge or judges before whom the matter is heard, upon the furnishing of proof of competency and learning in the law, which proof may include certification by the bar examiners of a state or other jurisdiction of the attorney's successful completion of an examination for admission to practice subsequent to the date of suspension or disbarment.

(f) Successive Petitions

An attorney may not file a second or successive petition for reinstatement within one year of any denial of an initial petition for reinstatement.

(g) Fees

The fee for general admission to the district bar, or the renewal fee, must be paid, as appropriate. *See* SDLR 83.1, Fee Schedule, available on the Court's website.

## RULE 83.5 AUDIO-VISUAL REPRODUCTIONS OF JUDICIAL PROCEEDINGS PROHIBITED
(*See* Fed. R. Crim. P. 53; 18 U.S.C. § 1508; 7th Cir. R. 55)

(a) Unless otherwise authorized by Order of this Court, the taking of photographs, sound recordings (except by the official court reporters in the performance of their duties), video recordings, and broadcasting by radio, television, internet, or other means in connection with any judicial proceeding is prohibited.

(b) Credentialed members of the media may utilize electronic devices in the courthouse and courtrooms in accordance with any applicable administrative orders and/or orders from the presiding judge.

## RULE 83.6 FAIR TRIAL, FREE PRESS
(*See* Fed. R. Crim. P. 6, 12.1, 16, 32, 53; 18 U.S.C. § 3322;
28 U.S.C. §§ 566, 751, 753, 755, 956)

(a) Duties of Lawyers

It is the duty of the lawyer not to release or authorize the release of information or opinion for dissemination by any means of public communication, in connection with pending or imminent criminal litigation with which he/she/they are associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice. With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in the investigation shall refrain from making any extrajudicial statement for dissemination by any means of public communication that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation.

From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement for dissemination by any means of public communication relating to that matter and concerning:

(1) the prior criminal record (including arrests, indictments, or other charges of crime) or the character or reputation of the accused, except that the lawyer may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his/her/their apprehension or to warn the public of any dangers he/she/they may present;

(2) the existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

(3) the performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

(4) the identity, testimony, or credibility of prospective witnesses, except that the lawyer may announce the identity of the victim if the announcement is not otherwise prohibited by law;

(5) the possibility of a plea of guilty or innocence or as to the merits of the case or the evidence in the case; or

(6) any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

(b) Duties of Court Personnel

No personnel connected in any way with this Court or its operation, including, among others, marshals, deputy marshals, deputy clerks, court security officers, bailiffs, jury administrators, court reporters, and interns, shall disclose to any person, without specific authorization by the presiding judge, any information relating to a pending criminal or civil case that is not a part of the public record. This prohibition applies to, among other things, the divulgence of information concerning arguments, hearings, and discussions held in chambers or otherwise outside the presence of the public.

(c) Special Order in Certain Cases

In a widely publicized or sensational case, the Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses that might interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters that the Court may deem appropriate for inclusion in such an order, such as:

(1) directives regarding the clearing of entrances to and hallways in a courthouse and respecting the management of the jury and witnesses during the course of the trial to avoid their mingling with or being in the proximity of reporters, photographers, parties, lawyers, and others, both in entering and leaving the courtroom and courthouse, and during recesses in the trial;

(2) a specific directive that the jurors refrain from reading, listening to, or watching news reports concerning the case, and that they similarly refrain from discussing the case with anyone during the trial and from communicating with others in any manner during their deliberations;

(3) sequestration of the jury on motion of any party or the Court, without disclosure of the identity of the movant;

(4) a directive that the names and addresses of the jurors or prospective jurors are not publicly released, except as required by statute, and that no photographs be taken or sketch made of any juror within the environs of the Court;

(5) insulation of witnesses from news interviews during the trial period; and

(6) specific provisions regarding the seating of spectators and news media representatives.

## RULE 83.7  DEATH PENALTY CASES
(*See* 28 U.S.C. § 2261, *et seq.*)

(a) Operation, Scope, and Priority

(1) This Rule applies to post-conviction proceedings in all cases involving persons under sentence of capital punishment.

(2) The District Judge to whom a case is assigned will handle all matters pertaining to the case, including certificates of appealability, stays of execution, consideration of the merits, second or successive petitions when authorized by the Court of Appeals under 28 U.S.C. §§ 2244(b)(3), 2255, remands from the Court of Appeals or Supreme Court of the United States, and associated procedural matters. This Rule does not limit a District Judge's discretion to designate a Magistrate Judge, under 28 U.S.C. § 636, to perform appropriate tasks. An emergency judge may act when the designated District Judge is unavailable.

(3) The District Judge must give priority to cases within the scope of this Rule, using the time limitations in 28 U.S.C. § 2266(b) as a guideline when that section is not directly applicable.

(4) The District Judge may make changes in the procedures established by this Rule when justice so requires.

(b) Notices and Required Documents

(1) A petition or motion within the scope of this Rule must:

(A) include all possible grounds for relief;

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA



# LOCAL RULES

Revised April 2, 2024

i

Case 3:24-cv-01180    Document 30-5    Filed 12/18/24    Page 14 of 20 PageID #: 209

# LR 83.4   RESTRICTIONS ON MEDIA AND RELEASE OF INFORMATION

**(A)   Recording, Broadcasting or Photographing Judicial Proceedings.**

Regardless of whether Court is actually in session, photographing, recording, or broadcasting in or from a district courthouse in connection with judicial proceedings or during judicial proceedings, including those before a United States Magistrate Judge, is prohibited. A judicial officer may, however, allow use of photographic or electronic equipment for: the presentation of evidence; the perpetuation of the record; ceremonial, investiture, or naturalization proceedings; security purposes; and other purposes of judicial administration.

Still cameras, video cameras, and/or any electronic devices equipped with cameras, including cellular phones, smart phones, tablets, laptop computers, and devices that wirelessly connect to and pair with such devices to transmit data, will not be allowed into district courthouses except by Court order or by direct escort and supervision of an employee of a federal agency whose offices are located therein. Attorneys possessing Court issued identification cards, authorized federally certified contract interpreters, and Court employees are permitted to bring their personal electronic devices into the courthouse; however, they are bound by the same restrictions as the general public.

To facilitate the enforcement of this rule, no photographic, broadcasting, or recording equipment, with the exception of the recording equipment in United States magistrate judge courtrooms and that of official court reporters, will be permitted to be operated on courthouse floors occupied by the Court, except as otherwise permitted by the presiding judge.

Personal devices without cameras may be allowed onto floors occupied by the Court; however, these devices shall neither be operated in any courtroom or hearing room, nor be operated in any public area where their operation is disruptive to a Court proceeding or Court operations unless otherwise permitted by order of the Court.

All electronic photographic, broadcasting, and recording equipment brought into federal courthouses in this district shall be subject to inspection at any time by the United States Marshals Service.

**(B) Provisions for Special Orders in Widely Publicized or Sensational Civil Cases.**

In a widely publicized or sensational civil case, the Court, on motion of either party or on its own motion, may issue a special order governing such matters as extra-judicial statements by parties and witnesses likely to interfere with the rights of the parties or the rights of the accused to a fair trial by an impartial jury; the seating and conduct in the courtroom of spectators and news media representatives; the management and sequestration of jurors and witnesses; and any other matters which the Court may deem appropriate for inclusion in such an order.

## LR 83.5 WEAPONS PROHIBITED IN COURTHOUSES

**(A) Weapons Prohibited.** Firearms, ammunition, or other weapons must not be worn or brought into any district courthouse, unless specifically authorized by the Court. The following persons or groups, however, are exempt from this rule:

**(1)** The United States Marshal and duly assigned deputy marshals, court security officers, and other security personnel engaged by the U.S. Marshal.

**(2)** Federal Protective Service officers on assignment or on call.

**(3)** Any federal law enforcement officer presenting a prisoner before a magistrate judge for initial appearance.

**(4)** Other federal law enforcement officials whose permanent assignments are located within the security parameters of a district courthouse. This exemption, however, does not permit these officials to carry weapons into the facilities of the United States District Court, including, but not limited to, judges' chambers, offices, and courtrooms.

**(5)** United States Probation Officers are authorized to wear or carry firearms to and from their offices within the district's courthouses but are not authorized to wear firearms inside their offices. Firearms brought to the probation office must be secured in a locked container.

**(6)** Federal law enforcement officers assigned to full-time protective duties for a current or former President of the United States, Vice President of the United States, or Attorney General of the United States.

# LOCAL CIVIL RULES

for the

SOUTHERN DISTRICT

Of

GEORGIA

Revised June 2016

operation by the United States Marshal Service, it will be required that all persons entering a facility so protected be cleared through the magnetometer prior to being granted access.

Federal employees and agents may be granted access upon production of valid government identification or personal recognition by the Court Security Officer (CSO) or Marshal. All briefcases, packages, and purses will be inspected if they fail to clear the magnetometer.

LR 83.28 Release of Information by Courthouse Personnel. All courthouse supporting personnel, including but not limited to the United States Marshal and his deputies, the Clerk and his deputies, the Probation Officer and probation clerks, bailiffs, court reporters, and any employees or subcontractors retained by the official court reporters, are prohibited from disclosing to any person, without authorization from the Court, any information relating to a pending grand jury proceeding, criminal case, or civil case that is not part of the public record of the Court. The public record of each case shall be those materials which are contained in the court's official file as maintained by the Clerk except such parts thereto as may be sealed, secret, impounded or specially set aside for in camera inspection. This prohibition specifically applies to grand jury proceedings, and to in camera arguments and hearings held in chambers or otherwise outside the presence of the public. Pleadings received by the Clerk relating to plea bargains shall not be made a part of the public record until trial has commenced. Courthouse personnel contact with media representatives regarding official court business shall be limited to providing them access and copies of the public record to which the general public is entitled, and to no other commentary, opinion, or assistance.

LR 83.29 Judicial Proceedings--Special Cases. In a widely publicized or sensational criminal case, the Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses which are likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters which the Court may deem appropriate for inclusion in such order.

LR 83.30 Only For Court Business. The various courtrooms of the United States District Court are solely for trials, hearings and transaction of other court business. The courtrooms will not be utilized for any other purpose unless approved by a Judge of this Court.

LR 83.31 No Weapons Allowed. No persons including law enforcement officers, except the United States Marshal and his duly assigned deputy Marshals, and federal protective officers on assignment or upon call, shall wear or bring any firearm or other weapon into the courtroom of any United States Courthouse or

LOCAL RULES for the SOUTHERN DISTRICT of GEORGIA
Page **50** of **60**
Rev. June 2016

Case 3:24-cv-01180     Document 30-5     Filed 12/18/24     Page 18 of 20 PageID #: 213

# LOCAL CIVIL AND CRIMINAL RULES

United States District Court
Southern District of Ohio

October 21, 2024
www.ohsd.uscourts.gov

**83.1 Free Press - Fair Trial Provisions**

(a) **Disclosure of Information by Court Personnel.** No employee of this Court may disclose any information relating to a pending proceeding before this Court that is not part of the public records of this Court. This Rule specifically prohibits the disclosure of information concerning grand jury proceedings, *in camera* proceedings, and proceedings held in chambers.

(b) **Orders in Special Cases.** This Court may in appropriate cases issue special orders governing any conduct likely to interfere with the rights of the parties to a fair trial.

**83.2 Courtroom and Courthouse Security and Decorum**

(a) No person may, without permission of the Court, use any device to make an audio or visual recording, or take photographs, on any floor of a United States courthouse where judicial proceedings are being conducted or within courtrooms, chambers, or ancillary portions of state courthouses or other buildings while in use by this Court under agreement with local authorities, or transmit the audible or visual content of any judicial proceeding to any other person, except a judge authorizing broadcasting, televising, recording, or taking photographs in the courtroom and in adjacent areas during an investiture, naturalization or other ceremonial proceedings. A judge may authorize such activities in the courtroom or adjacent areas during other proceedings, or recesses between such proceedings, only: a) for the presentation of evidence; b) for the perpetuation of the record of the proceedings; c) for security purposes; d) for other purposes of judicial administration; e) for the photographing, recording or broadcasting of appellate arguments; or f) consistent with pilot programs approved by the Judicial Conference (JCUS-SEP 2010, at 11-12). In addition, a judge presiding over a civil or bankruptcy non-trial proceeding, may, in the judge's discretion, authorize live remote public audio access to any portion of that proceeding in which a witness is not testifying. This policy does not create any right of any party or the public to live remote public audio access to any proceeding.

(b) Persons in possession of any device capable of recording or transmitting to another person audio, video, or photographs, upon entering a building in which judicial proceedings are being conducted by this Court, must disclose such device to security personnel. Such devices include, but are not limited to, cellular phones, smartphones, smartwatches, tablets (such as iPads), and laptop computers. All such devices are subject to inspection upon entry to such buildings.

(c) Subject to the exemptions set forth in subsection (e) below, all cellular telephones, smartphones, smartwatches, cameras, and similarly sized personal electronic devices shall be turned off in the presence of Court Security Officers upon entry to the Columbus, Cincinnati, or Dayton courthouses (except that the operation of this rule in the Dayton courthouse shall be subject to subsection (f) below). Once off, the devices shall be placed in a locked pouch provided by the Court Security Officers. The device shall remain in the locked pouch in the possession of the owner while in the building. Larger devices, such as tablets or laptop computers, or any other covered device that does not fit in a locked pouch, are not permitted in the building. Visitors entering with such devices will be instructed to leave the courthouse and store the devices before

33