# Exhibit C



Portfolio Media. Inc. | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Battle Over Atty Speech Raises First Amendment Concerns

By **Brandon Lowrey**

Law360 (December 16, 2024, 4:34 PM EST) -- Before the gag order, Nashville lawyer Daniel Horwitz tweeted that private prison operator CoreCivic was a "death factory" and told a television news reporter "they do not care when inmates in their custody die."

Horwitz made the remarks while representing inmates who were injured in CoreCivic's prisons and relatives of others who died. Some of the prisoners were beaten to death; others were stabbed or allegedly denied appropriate medical care, according to a series of lawsuits Horwitz filed in the Middle District of Tennessee.

CoreCivic used Horwitz's interview and "extraordinarily vicious" tweets to invoke a rarely used local rule forbidding lawyers from publicly discussing their cases. A magistrate judge gagged Horwitz and ordered him to delete his tweets about the private prison contractor.

"The court further warns Mr. Horwitz that his responsibility in this litigation is to be an advocate, not an investigative journalist, and that continuing to seek out media attention for this case would place him at risk of being held in contempt of this court," U.S. Magistrate Judge Jeffery Frensley wrote in his July 2022 order.

Horwitz is now **challenging** the rule in a lawsuit against the Middle District of Tennessee, raising questions that could clarify limitations on attorneys' free speech.

Courts have long held that attorneys do not have the same First Amendment protections as people in most other professions, and many states and courts have adopted an American Bar Association model rule restricting lawyers' speech to protect litigants' right to fair trials. However, Horwitz and First Amendment experts say the Middle District's rule goes further than most by placing the burden on attorneys to show their words could not have caused harm.

This is a departure from the typical presumption of openness when it comes to First Amendment or transparency, said Jennifer Safstrom, director of the Vanderbilt Law School Stanton Foundation First Amendment Clinic.

"I think the big problem with this rule is that it essentially flips the presumption of whose burden it is in the litigation to show that there is harm," she said.

Middle District's Local Rule

The Middle District of Tennessee has limits on attorney speech that go further than most similar rules, according to experts.

**LR83.04 - Release of Information Concerning Civil Proceedings**

**(a) By Attorneys Concerning Civil Proceedings**

**(1) Limitation on Extrajudicial Statements.** A lawyer who is participating in or has participated in the investigation or litigation of a matter, either directly or indirectly, must not make any extrajudicial statement (other than a quotation from or reference to public records) that the lawyer knows or reasonably should know will be disseminated by public communication and will have substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including especially that will interfere with a fair trial.

**(2) Comments More Likely Than Not to Have Material Prejudicial Effect.** Comment relating to the following matters is more likely than not to have a material prejudicial effect on a proceeding, and the burden is upon the person commenting upon such matters to show that the comment did not pose such a threat:

- **(A)** Evidence regarding the occurrence or transaction involved;
- **(B)** The character, credibility or criminal record of a party, witness or prospective witness;
- **(C)** The performance or results of any examinations or tests or the refusal or failure of a party to submit to an examination or test;
- **(D)** Information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence at trial or that would, if disclosed, create a substantial risk of prejudicing an impartial trial.

**(3) Optional Lawyer Statement.** Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph must be limited to such information as is necessary to mitigate the recent adverse publicity.

**(4) Application to Law Firms and Agencies** The provisions of this rule concerning lawyers apply to the law firm and government agencies or offices, and the partners and employees of such firms, government agencies or offices, with which the lawyer is associated.

**(b) Provision for Special Orders in Widely Publicized and Sensational Cases.**

In widely publicized cases the court, on motion of either party or on its own motion,

Case 3:24-cv-01180    Document 30-6    Filed 12/18/24    Page 3 of 6 PageID #: 218

may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of a party to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters that the court may deem appropriate for inclusion in such an order.

As written, the Middle District's rule may place its own defenders in the U.S. Department of Justice in an awkward position.

The DOJ recently announced it had launched a civil rights investigation into violence and understaffing at CoreCivic's largest Tennessee prison, issuing a news release that leveled more detailed allegations against the company than Horwitz had in his own public statements.

Department of Justice officials declined to answer a reporter's questions about the case, including whether the announcement may have violated the Middle District's local rule. The Middle District of Tennessee said it does not comment on pending litigation.

When contacted by Law360, Horwitz attorney Jared McClain of the Institute for Justice offered a tongue-in-cheek response.

"We, of course, see nothing wrong with the government's press release — even though it seems to pretty clearly violate the local rule," McClain said in an email, adding, "I wonder whether the DOJ might consider filing an amicus brief in support of Mr. Horwitz."

Horwitz is one of a number of lawyers bringing lawsuits against CoreCivic on behalf of current and former inmates and their families.

The private prison company, one of the largest in the United States, has been criticized in Tennessee state audits in 2017, 2020 and 2023 for a range of alleged problems, including chronic understaffing, failure to properly investigate or prevent sexual assault among inmates, and failure to properly record that inmates were being given their required medications.

One of Horwitz's clients was the mother of an inmate who had been beaten to death by his cellmate, a violent offender who had been misclassified by CoreCivic, according to the mother's lawsuit.

Horwitz had been an outspoken critic of CoreCivic on Twitter — particularly its Trousdale Turner Correctional Center outside Nashville, which opened in 2016. He also appeared in a local television news story about CoreCivic in February 2022.

"Inmates are dying in their care who should not be," he said in the interview. "These are preventable deaths and they would not be occurring if CoreCivic cared enough to staff its facilities. But the problem is they don't, and nobody is making them."

In June 2022, CoreCivic filed its motion to enforce the Middle District's Local Rule 83.04, saying Horwitz's interview and social media posts jeopardized its right to a fair trial. The company also sought to strike thousands of pages of documents that Horwitz had allegedly improperly filed into the public record, which he then shared in social media posts.

"It is clear that Mr. Horwitz will not stop until he is ordered to do so," CoreCivic said.

In his opposition to CoreCivic's motion, Horwitz argued that the First Amendment protected his speech, and that CoreCivic did nothing to show any evidence that his words would actually result in prejudice.

He pointed to statements released by CoreCivic's public relations team denying wrongdoing, saying that "CoreCivic itself is permitted to mislead the public about the conditions at its facilities, while plaintiffs' counsel is forbidden from engaging in counter-speech discussing nonconfidential, verbatim deposition testimony that contradicts CoreCivic's false and misleading public claims."

Judge Frensley — who had previously been a criminal defense, employment and civil rights lawyer in Nashville — sided with CoreCivic. He ordered Horwitz to delete his tweets about the private prison company and stop speaking with the press about it. He also forbade Horwitz from publicly discussing the court documents that CoreCivic had sought to strike.

Horwitz asked the district judge overseeing the case to review the magistrate judge's order, but the case settled the following month while the motion was pending, mooting it.

He argues in his complaint against the Middle District that he has remained essentially gagged ever since because district judges have declined to reconsider the magistrate judge's interpretation of Local Rule 83.04.

The rule did not appear to have often been invoked, outside of two other recent cases.

In one, U.S. District Judge William Campbell Jr. ordered a plaintiff's lawyer in May to explain how a Facebook post after closing arguments in a trial did not violate the rule. In the other, Judge Frensley found in April 2022 that an attorney had violated the rule by repeatedly referring to a civil defendant as a "pedophile" and "rapist" on social media.

The Middle District's rule bears some similarities to the American Bar Association's model rule limiting extrajudicial statements "that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." But the rule also carves out several exceptions, such as "the claim, offense or defense involved" and information in public records.

The Middle District's rule does not have such carve-outs. In fact, it says that an attorney who comments on topics including both evidence and information that is inadmissible as evidence has the burden of proving there was no risk of causing prejudice.

"Anything that could be evidence is presumed to be prejudicial, and anything that is not admissible as evidence is presumed to be prejudicial," said McClain, Horwitz's attorney. "So that doesn't really leave you anything to talk about."

A Law360 review of several of the busiest federal district courts' local rules found that many did not contain any reference to extrajudicial statements in civil cases, including the Northern and Central districts of California, the Northern District of Illinois, the Eastern and Northern districts of Texas, and the Southern and Eastern districts of New York.

While some others did, including the District of Maryland, none — including Tennessee's other two federal districts — placed the presumption of prejudice on the commenting attorney.

CoreCivic spokesperson Ryan Gustin told Law360 that the company stands by Judge Frensley's decision, saying it "supports our belief that matters of litigation should be decided within the court system and not in the press or social media."

CoreCivic's motion and Judge Frensley's order cited the 1991 U.S. Supreme Court decision in Gentile v. State Bar of Nevada 🔴 , a landmark case on attorney speech that approved restrictions on lawyers' speech shown to have a "substantial likelihood of material prejudice," but struck down Nevada's for being unconstitutionally vague.

The Gentile case has remained relevant because of how common lawyer-speech controversies are. Just ask the Las Vegas criminal defense attorney who lived it.

"I get calls like this one from journalists and from lawyers who are dealing with the problem, either as the lawyer being attacked, or the attorney for the lawyer being attacked," Dominic Gentile told Law360 during a recent interview. "I must get, I don't know, 20 a year."

In 1988, Gentile held his first press conference to proclaim the innocence of his client, a vault company owner accused of stealing drugs and money from a safety deposit vault belonging to undercover police. He told reporters the real culprits were "crooked cops."

The press conference prompted the State Bar of Nevada to discipline Gentile under a state rule forbidding attorneys from discussing pending cases with the press. Gentile fought the decision and ultimately prevailed before the U.S. Supreme Court, which found Nevada's rule to be void for vagueness.

During oral arguments, then-Justice Thurgood Marshall seemed skeptical of the rule, asking: "Do you think that the public is influenced by a defense lawyer saying that his client is innocent?"

Gentile's case has since become one of the most important decisions regarding attorney speech, cited in hundreds of appellate decisions. After the high court's ruling, Gentile helped to rewrite Nevada's attorney-speech rule, which was later largely adopted as an American Bar Association model rule.

But the decision did not address the burden of proof to show prejudice.

After reviewing the Middle District of Tennessee's rule, Gentile took issue with the rule's presumption that lawyers' comments on a broad range of topics are prejudicial unless proved otherwise.

"That is diametrically opposed to First Amendment protection," Gentile said. "What they're saying is that if you make these comments, there's a presumption of malice, a presumption of bad faith, a presumption that you intended to prejudice."

While many states and courts have adopted the ABA Model Rule, even subtle changes to the wording could have major implications, given the thorniness of restrictions on the First Amendment. Speech restrictions must be specific and only as narrowly tailored as absolutely necessary, Gentile and other experts said.

Gentile said that he was not familiar with what Horwitz may have said about the private prison operator.

"But you know, if there's ever a time to fight a case in the court of public opinion, it is where there is public corruption involved or a civil rights violation," he added.

Horwitz is represented by Braden H. Boucek of the Southeastern Legal Foundation, and Benjamin A. Field and Jared McClain of the Institute for Justice.

The Middle District of Tennessee is represented by Timothy Thompson and Jason Snyder of the U.S. Attorney's Office for the Western District of Kentucky.

The case is Horwitz v. U.S. District Court for the Middle District of Tennessee et al., case number 3:24-cv-01180, in the U.S. District Court for the Middle District of Tennessee.

--Additional reporting by Jack Karp. Editing by Robert Rudinger.

All Content © 2003-2024, Portfolio Media, Inc.