IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL A. HORWITZ, ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-1180 |
| ) | JUDGE GIBBONS |
| U.S. DISTRICT COURT ) | |
| FOR THE MIDDLE DISTRICT ) | |
| OF TENNESSEE, ET AL., ) | |
| ) | |
|    Defendants ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States District Court for the Middle District of Tennessee, Chief District Judge William L. Campbell, District Judge Aleta A. Trauger, District Judge Waverly D. Crenshaw, Jr., and District Judge Eli Richardson, in their official capacities (collectively "Defendants"), by and through counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss.

## INTRODUCTION

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The judiciary, [which indisputably includes the Middle District of Tennessee and its Article III District Judges in their official capacities], form one branch of the United States government, *see generally* U.S. Const. art. III, and therefore is protected by the sovereign immunity accorded the United States." *Smith v.*

1

*Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010). "[T]o avoid the sovereign immunity bar and the concomitant finding that this Court lacks jurisdiction, [a plaintiff] must establish that Congress has waived sovereign immunity expressly with respect to the particular claim." *Smith v. Scalia*, 44 F. Supp. 3d 28, 38–39 (D.D.C. 2014). "The party seeking to invoke the subject matter jurisdiction of the district court bears the burden of showing that the matter is properly before that court." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001). Plaintiff has not met this burden, as his Complaint fails to identify any specific waiver of sovereign immunity. Accordingly, Plaintiff's Complaint should be dismissed.

## STANDARD OF REVIEW

Motions under Federal Rule of Civil Procedure 12(b)(1) are procedural attacks on a plaintiff's complaint that assert that the Court does not have subject matter jurisdiction over the plaintiff's claims. "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks "question merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Id.*

## RELEVANT PROCEDURAL HISTORY

Plaintiff, a Tennessee-licensed attorney, has represented multiple clients over the last few years who have asserted claims against CoreCivic of Tennessee, LLC, a private prison contractor that houses inmates on behalf of the State of Tennessee. [Doc. No. 1,

PageID #: 8-9.] Plaintiff currently has two cases pending against CoreCivic in the Middle District of Tennessee. [*Id*. at PageID #: 9.]

## I.   Plaintiff violated Local Rule 83.04's prohibition on making extrajudicial statements regarding pending cases that "have substantial likelihood of materially prejudicing an adjudicative proceeding."

In a 2022 case against CoreCivic, Plaintiff made public comments and social media posts about CoreCivic and its operations and treatment of inmates. [*Id.* at PageID #: 10-12]; *see also Newby v. CoreCivic of Tennessee, LLC*, 3:22-cv-00093, Doc. No. 46 (M.D. Tenn. June 10, 2022) (detailing Plaintiff's comments).[1] In response, CoreCivic filed a motion pursuant to the Middle District of Tennessee's Local Rule (LR) 83.04, Release of Information Concerning Civil Proceedings, asking the Court to find that Plaintiff's extrajudicial speech was substantially likely to materially prejudice the proceeding and to restrict Plaintiff from public speech that would impede a fair trial. *See generally Newby*, 3:22-cv-00093, Doc. No. 46. The parties briefed that motion, and they also briefed Plaintiff's countermotion requesting an order under LR 83.04(b) that affirmed his First Amendment right to speak about CoreCivic. *See Newby*, 3:22-cv-00093, Doc. No. 41; Doc. No. 44; Doc. No. 46; Doc. No. 48; Doc. No. 49. Magistrate Judge Frensley concluded that Plaintiff violated LR 83.04: "Mr. Horwitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter, especially interfering with a fair trial." *Newby*, 3:22-cv-00093, Doc. No. 53 at PageID #: 4299. Magistrate Judge

---

[1]   When evaluating a Rule 12(b)(1) facial challenge a court may "consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Manley v. Foundations Plus, Ltd.*, 2016 WL 5219569, at *2, 2016 U.S. Dist. LEXIS 128323 (S.D. Ohio Sept. 20, 2016) (internal citations omitted). A court "may take judicial notice of its own records." *Garavaglia v. United States*, 648 F. Supp. 3d 887, 894 (E.D. Mich. 2022).

3

Frensley, accordingly, ordered Plaintiff not to make public comment that would interfere with a fair trial and to remove comments under his control that would have the same effect. *Id*. at PageID #: 4301. Plaintiff timely requested review of Magistrate Judge Frensley's order, but ten days later, Plaintiff filed a Joint Notice of Settlement and Motion to Stay all pending motions until an order of dismissal was entered. *Newby*, 3:22-cv-00093, Doc. No. 68 at PageID #: 4472. Soon thereafter, Plaintiff filed a joint stipulation of dismissal with prejudice. *Newby*, 3:22-cv-00093, Doc. No. 70. Immediately after filing the joint stipulation, Plaintiff, on his own behalf, filed a motion requesting the Court to (1) stay enforcement of Magistrate Judge Frensley's Order, (2) adjudicate the objections Plaintiff's client raised prior to the parties' dismissal, or (3) to reverse and vacate the order. *Newby*, 3:22-cv-00093, Doc. No. 71. On December 2, 2022, Judge Crenshaw entered an order dismissing the case and denying any pending motions as moot. *Newby*, 3:22-cv-00093, Doc. No. 79. Neither Plaintiff nor his client sought Sixth Circuit appellate review of the District Judge's order.

**II.     Plaintiff requested improper advisory opinions from the Court.**

In four subsequent cases in which Plaintiff represented a litigant suing CoreCivic, Plaintiff filed nearly identical motions on his own behalf, and on behalf of his clients, to "clarify that Local Rule 83.04 does not prohibit counsel from making extrajudicial statements about this action." [Doc. No. 1, PageID #: 12-18]; *see, e.g.*, *Gordon v. CoreCivic of Tennessee, LLC*, No. 3:23-cv-01195, Doc. No. 32 (M.D. Tenn. Jan. 3, 2024). Some cases in which Plaintiff filed the motions to clarify were dismissed with prejudice upon Plaintiff's filing of joint stipulations pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)

4

before the motions were adjudicated, but in January 2024, Judge Trauger denied Plaintiff's motion. Judge Trauger explained in *Gordon* that Plaintiff's motion made clear that he was simply "unhappy with how LR 83.04 was handled by another judge in another (now-settled) case brought by a different plaintiff against CoreCivic in this district." *Gordon*, No. 3:23-cv-01195, Doc. No. 40 at PageID #: 418. She held that issuing a "quasi-appellate, advisory opinion" about what Plaintiff could say in the *Gordon* case would be improper. *Id*. Judge Trauger also noted that LR 83.04 "does not outright bar any party from commenting on any matter subject to pending litigation. Rather, it merely formalizes the ordinary rule, present in every case in every federal court, that a party or attorney must exercise his or her rights in a way that does not improperly interfere with ongoing judicial proceedings."[2] *Id*. Judge Trauger also expressly denied Plaintiff's facial First Amendment challenge to LR 83.04. *Id*. She further held that Plaintiff's as-applied challenge was baseless: "He asks that [LR 83.04] also be declared unconstitutional 'as applied,' but it has not been applied in this case." *Id*. Plaintiff did not seek Sixth Circuit review of this final collateral order. Instead, Plaintiff, on his own behalf, filed a motion to reconsider Judge Trauger's order pursuant to Federal Rule 54(b). *Gordon*, No. 3:23-cv-01195, Doc. No. 43 at PageID #: 424. The motion was fully

---

[2] The LR 83.04(a)(1) "substantial likelihood of material prejudice" standard applied to Plaintiff in the *Newby* case mirrors the standard articulated by the Supreme Court in *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991), and set forth in Rule 3.6(a) of the American Bar Association's Model Rules of Professional Conduct and Rule 3.6(a) of the Tennessee Rules of Professional Conduct. *See* ABA, Rule 3.6: Trial Publicity, https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/ (last accessed 12/23/2024); Tenn. Sup. Ct., R. 8, RPC 3.6: Trial Publicity (Jan. 1, 2011), https://www.tncourts.gov/rules/supreme-court/8.

5

briefed, but on May 17, 2024, Plaintiff filed a joint stipulation of dismissal with prejudice. *Id.*, Doc. No. 48 at PageID #: 452.

### III. Plaintiff sued the United States District Court for the Middle District of Tennessee and its district judges, in their official capacities, for injunctive and declaratory relief.

Claiming that LR 83.04(a)(2) violates the First and Fifth Amendments, Plaintiff sued Defendants for declaratory and injunctive relief. Plaintiff's official capacity claims against the District Judges are based upon their authorization "to adopt and enforce local rules." [Doc. No. 1, PageID #: 4-5.] Plaintiff named the United States District Court for the Middle of District of Tennessee as a Defendant for the same reason. [*Id.* at PageID #: 4.] Plaintiff alleges that the Court possesses subject matter jurisdiction against Defendants under a handful of different statutes, but none of those statutes waive sovereign immunity. [*See id.*]

## ARGUMENT

### I. Plaintiff's complaint should be dismissed because he has not established that the Court possesses subject matter jurisdiction.

An action should be dismissed under Rule 12(b)(1) if at any point the Court lacks subject matter jurisdiction. It is Plaintiff's burden to establish subject matter jurisdiction. *See Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020).

A suit against the United States, which necessarily includes the judiciary and Article III judges, *see Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010); *see also Ctr. For Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007), may proceed only if the government has waived its sovereign immunity. *Gaetano v. United*

6

Case 3:24-cv-01180    Document 31-1    Filed 12/23/24    Page 6 of 11 PageID #: 231

*States*, 994 F.3d 501, 506 (6th Cir. 2021). If the United States has not waived its immunity, no district court has subject matter jurisdiction to entertain a suit against it. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any waiver of sovereign immunity must be strictly construed in favor of the United States. *Gaetano*, 994 F.3d at 506. Plaintiff bears the burden of identifying a waiver of sovereign immunity, and "[i]f he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Jurisdiction, of course, is a threshold issue that must be resolved before the merits are considered. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019). Relevant in this case, jurisdiction must be established before the Court can consider Plaintiff's pending motions. *See, e.g.*, *Sentinel Trust Co. v. Lavender*, 2004 U.S. Dist. LEXIS 27259, at *24 (M.D. Tenn. Dec. 13, 2004).

Plaintiff cited a handful of statutes under the section he titled "Jurisdiction & Venue," [Doc. No. 1, PageID #: 4] but none of these statutes confer jurisdiction and waive sovereign immunity. First, Plaintiff cited to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, this "federal question jurisdictional statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

Next, Plaintiff relies upon 28 U.S.C. § 1343, which confers upon federal district courts original jurisdiction over certain civil rights claims. None of those claims are at issue in this case, so this statute does not provide subject matter jurisdiction. *See*

7

*Williams v. Ind. Dep't of Child Servs.*, 2019 WL 3003906, 2019 U.S. Dist. LEXIS 114303, at *23-24 (N.D. Ind. July 9, 2019) (explaining that a conspiracy under 42 U.S.C. § 1985 must be pled to obtain jurisdiction under § 1343(a)(1) or (a)(2); an action under "state law" must be pled to obtain jurisdiction under (a)(3); and an independent Act of Congress must be identified for (a)(4) to provide jurisdiction). Furthermore, statutes conferring "civil rights jurisdiction pursuant to 28 U.S.C. § 1343 are not sufficient to waive sovereign immunity." *Gibbs v. Philadelphia Police Dep't*, 2012 WL 6042841, at *2, 2012 U.S. Dist. LEXIS 172053 (S.D. Ohio Dec. 4, 2012) (cleaned up). Moreover, section "1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act." *Zukowska v. U.S. Dep't of Homeland Sec.*, 2018 WL 8017163, 2018 U.S. Dist. LEXIS 225220, at *11-12 (D. Ore. Dec. 28, 2018) (cleaned up); *see also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("Section 1343(a)(3) is a general jurisdiction statute that 'does not waive sovereign immunity.'") (quoting *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011)). 28 U.S.C. § 1343 does not provide subject matter jurisdiction or waive the United States' sovereign immunity.

Plaintiff also cited 28 U.S.C. § 1345, titled "United States as plaintiff," which confers jurisdiction to district courts for "all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Because the United States is not the plaintiff in this action, this statutory provision is inapplicable and cannot serve as a waiver of sovereign immunity.

The final two statutes referenced by Plaintiff support only his request for declaratory relief under the Declaratory Judgment Act. Specifically, Plaintiff cited 28 U.S.C. § 2201 and § 2202. Those provisions simply authorize district courts to declare the rights and other legal relations of interested parties, and grant other necessary relief, in case of actual controversy within its jurisdiction. *See id.* Those statutes do not "provide an independent basis for subject matter jurisdiction or a waiver of sovereign immunity." *Mountain v. Nordwall*, 2005 WL 8175877, 2005 U.S. Dist. LEXIS 40568, at *12 (D. Utah Jan. 6, 2005) (citing *Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 956, 961 (10th Cir. 2004); *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981)).

Plaintiff has not identified any waiver of the United States' sovereign immunity. As noted above, such waiver is necessary for this action to proceed because without it, this Court simply lacks subject matter jurisdiction. And it is incumbent upon Plaintiff to allege in the complaint facts sufficient to establish subject-matter jurisdiction, including the waiver of sovereign immunity. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) ("In order for Carrier's complaint to allege jurisdiction adequately, it must contain non-conclusory facts which, if true, establish that the district court had jurisdiction over the dispute."). Although this burden is not onerous, *Stout v. United States*, 721 F. App'x 462, 465 (6th Cir. 2018), Plaintiff has not carried it. Therefore, his Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.

Respectfully submitted,
MICHAEL A. BENNETT
United States Attorney


*/s/ Timothy D. Thompson*
Timothy D. Thompson
Jason Snyder
Assistant United States Attorneys
Western District of Kentucky
717 W. Broadway
Louisville, KY 40202
Phone: (502) 582-6238
Timothy.thompson@usdoj.gov
Jason.snyder@usdoj.gov
Special Assistant United States Attorneys
Middle District of Tennessee

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I filed this document via CM/ECF, which automatically provides service to all counsel of record:

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
Phone: (703) 682-9320
jmcclain@ij.org
bfield@ij.org

Braden H. Boucek
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Ste. 104
Roswell, GA 30075
Phone: (770) 977-2131
bboucek@southeasternlegal.org

      */s/ Timothy D. Thompson*
      Timothy D. Thompson
      Assistant United States Attorney