IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL A. HORWITZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-1180 |
| ) | JUDGE GIBBONS |
| U.S. DISTRICT COURT ) | |
| FOR THE MIDDLE DISTRICT ) | |
| OF TENNESSEE, ET AL. ) | |
| ) | |
| Defendants ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND RENEWED MOTION FOR
PRELIMINARY INJUNCTION**

The United States District Court for the Middle District of Tennessee, and Chief District Judge William L. Campbell, District Judge Aleta A. Trauger, District Judge Waverly D. Crenshaw, Jr., and District Judge Eli Richardson, in their official capacities (collectively the "Defendants"), by and through counsel, respectfully respond as follows to Plaintiff's Motion for Temporary Restraining Order and Renewed Motion for Preliminary Injunction. [Doc. No. 30.]

**INTRODUCTION**

Courts have long regulated the conduct of the lawyers who practice before them. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1066 (1991). "Membership in the bar is a privilege burdened with conditions." *Id.* (*quoting In re Rouss*, 116 N.E. 782, 783 (N.Y. 1917) (Cardozo, J.)). Since the late 1800s, attorneys representing parties in litigation have been cautioned that they must limit their speech to protect litigants' right to a fair day in

1

court. *Id*. The United States Supreme Court has noted the "distinction between participants in the litigation and strangers to it," and has affirmed that different First Amendment standards apply to lawyers representing parties in litigation. *Id.* at 1073-74.

By filing this action, however, Plaintiff seeks to cast off these accepted speech limitations so that he can speak unfettered about a specific defendant in two pending cases before the Court. For the purposes of Plaintiff's motion for temporary restraining order (TRO), he asks the Court to find that the United States District Court for the Middle District of Tennessee's Local Rule (LR) 83.04(a)(2) is unconstitutional, and restrain enforcement of it. The Court should deny Plaintiff's TRO motion because Plaintiff cannot meet the threshold requirements for obtaining such extraordinary relief.

## LEGAL STANDARDS GOVERNING TRO MOTIONS

"[T]he purpose of a [temporary restraining order] under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 494 (E.D. Mich. 2023) (brackets in original) (quoting *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996)); *see also Bristol Health Care Invs., LLC v. Emkes,* 2013 WL 2403299, at *6, (E.D. Tenn. May 31, 2013) (A temporary restraining order, like a preliminary injunction, is an "extraordinary remedy."). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (internal citation omitted). Parties seeking these extraordinary remedies "must meet several

2

requirements. They must show a likelihood of success on the merits. They must show irreparable harm in the absence of the injunction. They must show that the balance of equities favors them. And they must show that the public interest favors an injunction." *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400, 403 (6th Cir. 2022).

Where, as in this case, the temporary restraining order sought "'would alter, rather than preserve, the status quo by commanding some positive act . . . the requested relief should be denied unless the facts and law clearly favor the moving party.'" *Taylor v. Peone*, 2024 WL 3572907, at *2 (M.D. Tenn. July 29, 2024) (*citing Glauser-Nagy v. Med. Mut. of Ohio*, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997)). Plaintiff "must satisfy a heightened burden . . . as to both the likelihood-of-success prong and on the balance of the harms." *Taylor*, 2024 WL 3572907, at *2. "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019). "To demonstrate irreparable harm, the [plaintiff] must show . . . [he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

## PROCEDURAL HISTORY

Plaintiff, a Tennessee-licensed attorney, has represented multiple clients over the last few years who have asserted claims against CoreCivic of Tennessee, LLC, a private prison contractor that houses inmates on behalf of the State of Tennessee. [Doc. No. 1, PageID #: 8-9.] Plaintiff currently has two cases pending against CoreCivic in the Middle District of Tennessee. [*Id.* at PageID #: 9.]

3

**I.     Plaintiff violated Local Rule 83.04's prohibition on making extrajudicial statements regarding pending cases that "have substantial likelihood of materially prejudicing an adjudicative proceeding."**

In a 2022 case against CoreCivic, Plaintiff made public comments and social media posts about CoreCivic and its operations and treatment of inmates. [*Id.* at PageID #: 10-12]; *see also Newby v. CoreCivic of Tennessee, LLC*, 3:22-cv-00093, Doc. No. 46 (M.D. Tenn. June 10, 2022) (detailing Plaintiff's comments).[1] In response, CoreCivic filed a motion under LR 83.04, Release of Information Concerning Civil Proceedings, asking the Court to find that Plaintiff's extrajudicial speech was substantially likely to materially prejudice the proceeding and to restrict Plaintiff from public speech that would impede a fair trial. *See generally Newby*, 3:22-cv-00093, Doc. No. 46. The parties briefed that motion, and they briefed Plaintiff's countermotion requesting an order under LR 83.04(b) that affirmed his First Amendment right to speak about CoreCivic. *See Newby*, 3:22-cv-00093, Doc. No. 41; Doc. No. 44; Doc. No. 46; Doc. No. 48; Doc. No. 49. Magistrate Judge Frensley considered the arguments and concluded that Plaintiff violated the rule: "Mr. Horwitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter, especially interfering with a fair trial." *Newby*, 3:22-cv-00093, Doc. No. 53 at PageID #: 4299. Magistrate Judge Frensley, accordingly, ordered Plaintiff not to make public comment that would interfere with a fair trial and to remove comments under his control that would have the same effect. *Id*. at PageID #: 4301. Plaintiff timely requested review of Magistrate Judge Frensley's

---

[1]      A court "may take judicial notice of its own records." *Garavaglia v. United States*, 648 F. Supp. 3d 887, 894 (E.D. Mich. 2022).

4

order, but ten days later, Plaintiff filed Joint Notice of Settlement and Motion to Stay all pending motions until an order of dismissal was entered. *Newby*, 3:22-cv-00093, Doc. No. 68 at PageID #: 4472. Soon thereafter, Plaintiff filed a joint stipulation of dismissal with prejudice. *Newby*, 3:22-cv-00093, Doc. No. 70. Immediately after filing the joint stipulation, Plaintiff, on his own behalf, filed a motion requesting the Court to (1) stay enforcement of Magistrate Judge Frensley's Order, (2) adjudicate the objections Plaintiff's client raised prior to the parties' dismissal, or (3) to reverse and vacate the order. *Newby*, 3:22-cv-00093, Doc. No. 71. In December 2022, the Court entered an order dismissing the case and denying any pending motions as moot. *Newby*, 3:22-cv-00093, Doc. No. 79. Neither Plaintiff nor his client sought Sixth Circuit appellate review of the District Judge's order.

### II.     Plaintiff requested improper advisory opinions from the Court.

In four subsequent cases in which Plaintiff represented a litigant suing CoreCivic, Plaintiff began filing nearly identical motions on his own behalf, and on behalf of his clients, to "clarify that Local Rule 83.04 does not prohibit counsel from making extrajudicial statements about this action." [Doc. No. 1, PageID #: 12-18]; *see, e.g.*, *Gordon v. CoreCivic of Tennessee, LLC*, No. 3:23-cv-01195, Doc. No. 32 (M.D. Tenn. Jan. 3, 2024). Some cases in which Plaintiff filed the motions were dismissed with prejudice upon Plaintiff's filing of joint stipulations pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) before the motions were adjudicated, but in January 2024, Judge Trauger denied Plaintiff's motion to clarify. Judge Trauger explained in *Gordon* that Plaintiff's motion made clear that he was "unhappy with how LR 83.04 was handled by another

5

judge in another (now-settled) case brought by a different plaintiff against CoreCivic in this district." *Gordon*, No. 3:23-cv-01195, Doc. No. 40 at PageID #: 418. She held that issuing a "quasi-appellate, advisory opinion" about what Plaintiff could say in the *Gordon* case would be improper. *Id*. Judge Trauger also noted that LR 83.04 "does not outright bar any party from commenting on any matter subject to pending litigation. Rather, it merely formalizes the ordinary rule, present in every case in every federal court, that a party or attorney must exercise his or her rights in a way that does not improperly interfere with ongoing judicial proceedings."[2] *Id*. Judge Trauger also expressly denied Plaintiff's facial First Amendment challenge to LR 83.04. *Id*. She further held that Plaintiff's as-applied challenge was baseless: "He asks that [LR 83.04] also be declared unconstitutional 'as applied,' but it has not been applied in this case." *Id*. Plaintiff did not seek Sixth Circuit review of this final collateral order. Instead, Plaintiff, on his own behalf, filed a motion to reconsider Judge Trauger's order pursuant to Federal Rule 54(b). *Gordon*, No. 3:23-cv-01195, Doc. No. 43 at PageID #: 424. That motion was fully briefed, but in May 2024, Plaintiff filed a joint stipulation of dismissal with prejudice. *Id.,* Doc. No. 48 at PageID #: 452.

---

[2]     The LR 83.04(a)(1) "substantial likelihood of material prejudice" standard applied to Plaintiff in the *Newby* case mirrors the standard articulated by the Supreme Court in *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991), and set forth in Rule 3.6(a) of the American Bar Association's Model Rules of Professional Conduct and Rule 3.6(a) of the Tennessee Rules of Professional Conduct. *See* ABA, Rule 3.6: Trial Publicity, https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/ (last accessed 12/23/2024); Tenn. Sup. Ct., R. 8, RPC 3.6: Trial Publicity (Jan. 1, 2011), https://www.tncourts.gov/rules/supreme-court/8.

### III. Plaintiff sued the United States District Court for the Middle District of Tennessee and its district judges, in their official capacities, for injunctive and declaratory relief.

Claiming that LR 83.04(a)(2) violates the First and Fifth Amendments, Plaintiff sued Defendants in this action for declaratory and injunctive relief. Here, Plaintiff does not allege that the Defendant judges acted against him in any way, only that each of them is "authorized to adopt and enforce local rules." [Doc. No. 1, PageID #: 4-5.][3] Plaintiff named the United States District Court for the Middle of District of Tennessee as a Defendant for the same reason. [*Id.* at PageID #: 4.]

### ARGUMENT

### I. Plaintiff cannot establish likelihood of success on the merits.

Plaintiff's request for injunctive relief requires him to establish "a strong or substantial likelihood or probability of success on the merits." *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 35 (6th Cir. 1992). Plaintiff has not and cannot do so. As more thoroughly addressed in Defendants' Motion to Dismiss and supporting Memorandum of Law, (Doc. Nos. 31 and 31-1), Plaintiff's Complaint fails to identify a waiver of sovereign immunity, the result of which strips the Court of subject matter jurisdiction to hear the merits of his claim. *Basicomputer Corp. v. Scott*, 791 F. Supp. 1280, 1285 (N.D. Ohio 1991), *aff'd,* 973 F.2d 507 (6th Cir. 1992) ("[T]he plaintiff would not be entitled to succeed on their claims if [the] court lacked subject matter jurisdiction.").

---

[3] A district court's authority to prescribe local rules is governed by both statute and the Federal Rules of Practice and Procedure. Local rules must be consistent with both Acts of Congress and the Federal Rules of Practice and Procedure and may only be prescribed after notice and an opportunity for public comment. *See* 28 U.S.C. §§ 2071(a)-(b); Fed. R. Civ. P. 83; Fed. R. Crim. P. 57.

7

Until and unless Plaintiff clears this preliminary jurisdictional hurdle, he is not entitled to injunctive relief.

Setting the lack of subject matter jurisdiction to the side, Plaintiff has not established a likelihood of success on the merits in his terse one-page worth of briefing on the issue. He cites some general First Amendment law [Doc No. 30-1 at PageID #: 186-87], and he briefly addresses *Gentile* [*id.* at PageID #: 183], but he does not grapple with the issues and carry his high burden of showing likelihood of success. LR 83.04(a)(2), in fact, is similar to the regulations at issue in *Gentile*. *Compare* LR 83.04(a)(2) *with Gentile*, 501 U.S. at 1060-61.

In *Gentile*, the Supreme Court overturned the discipline a state bar association imposed on a lawyer because the Supreme Court found a part of the regulation, which does not exist in the Middle District of Tennessee's Local Rules, was unconstitutionally vague. 501 U.S. at 1048. The Supreme Court did not take issue with the guidance the state bar association provided regarding speech topics that "ordinarily" prejudice proceedings, however. *Id.* at 1061. The list of topics in LR 83.04(a)(2)(A)-(D) is similar to the topics listed in the rules that were challenged in *Gentile*: "the character, credibility, reputation, or criminal record of a party"; "the identity or nature of physical evidence expected to be presented"; "expected testimony of a party or witness"; and "information the lawyer knows or reasonably should know is likely to be inadmissible as evidence at trial and would if disclosed create a substantial risk of prejudicing an impartial party." *Gentile*, 501 U.S. at 1061.

Those same topics are identified as topics that "are more likely than not to have a

8

material prejudicial effect on a proceeding" in the comments to ABA Model Rule 3.6 and Tennessee Rule of Professional Conduct 3.6. That same "more likely than not" standard is in LR 83.04(a)(2). And with regard to LR 83.04(a)(2)'s allocation of the burden of proof on the speaker to show speech on the listed topics was not prejudicial, the Supreme Court did not address that kind of burden in *Gentile*. But the Supreme Court explained in great detail that the First Amendment allows for greater regulation of the speech of lawyers in litigation than it does of others. *Gentile*, 501 U.S. at 1069-75. Plaintiff has failed to show that allocating to the speaker the burden to show that comments by the speaker that are identified in LR 83.04(a)(2) as likely prejudicial (as LR 83.04(a)(2) does) conflicts with the Supreme Court's perspective on regulation of attorney speech.

Plaintiff's discussion of the likelihood of success on the merits thus does virtually nothing to explain how *Gentile* suggests that he is likely to succeed on the merits. His discussion is deficient in other respects. Why is he correct in his insistence that LR 83.04(a)(2) creates a "presumption" against him? The rule does not expressly prescribe any "presumption." True, the rule does refer to a "burden" being placed upon the speaker to show that comments of certain kinds are not prejudicial to the applicable proceedings. But Plaintiff does not explain why such a burden should be equated with a "presumption" against him, and to say that a burden is imposed on a party to show that a particular fact (or circumstance) exists is not necessarily to say that there is a presumption that the fact (or circumstance) does not exist. *See Franklin Life Ins. Co. v. Heitchew*, 146 F.2d 71, 75 (5th Cir. 1944). Nor does Plaintiff cite a single case saying that

9

it is violative of the First Amendment for a speaker in Plaintiff's shoes to bear the burden of showing that the speaker's comments are not prejudicial to the applicable proceedings. And in a broader sense, his minimalist discussion is inadequate to deal with any of the complexities and nuances of First Amendment law as it applies in this particular context. In short, his abbreviated attempt leaves unaddressed too many issues. Plaintiff's showing a likelihood of success on the merits is inadequate.

## II. Plaintiff will not suffer irreparable injury absent a TRO.

Plaintiff's motion for temporary restraining order does not seek to maintain the status quo. Instead, it seeks to prevent the Defendants from enforcing Local Rule 83.04(a)(2) against him until his motion for preliminary injunction can be considered. As a result, he must meet a heightened burden of showing a likelihood of immediate and irreparable injury if an injunction requiring affirmative action (e.g., restraint from enforcing the Local Rule) were entered. Plaintiff cannot do so because his Declaration reveals the remote and speculative nature of any alleged harm.

It is clear from reviewing Plaintiff's Declaration that his principal concern is not any prospective action by the Court, but actions CoreCivic may take if he makes offending extrajudicial statements. For example,

- "If it were not for Local Rule 83.04, the Middle District's past enforcement of that rule against me **and CoreCivic's willingness to invoke the rule against me again,** I would have immediately accepted the interview request from CBS News." [Doc. No. 30-2 at ¶ 6.]

- "I could not agree to participate in the interview **out of fear that CoreCivic would once again invoke Rule 83.04** in my cases currently pending in the Middle District." [*Id.* at ¶ 7.]

10

- "I cannot freely speak about my cases against CoreCivic without enduring the likely enforcement proceedings **that CoreCivic will bring** against me in response to my public comments." [*Id.* at ¶ 12.]

- "I have every reason to believe that CoreCivic will continue to rely on Rule 83.04(a)(2)'s presumptions of prejudice and burden-shifting provision so long as those provisions remain in effect." [*Id.* at ¶ 14.]

CoreCivic has no authority to "invoke" or enforce the Court's Local Rules. Certainly, if Plaintiff were to accept an interview and make statements CoreCivic found offensive, CoreCivic *might* file a motion for relief pursuant to LR 83.04(a)(1) or 83.04(a)(2). However, as with any such motion, Plaintiff would have an opportunity to respond, and only after consideration of the record *in that case* by the presiding judge, would a decision be made regarding the propriety of enforcement. It is not a foregone conclusion, as Plaintiff suggests, that any particular district judge on the Court would find in CoreCivic's favor simply because one magistrate judge did, based upon the unique circumstances presented to him in 2022. *See Newby*, 3:22-cv-00093, Doc. No. 53 at PageID #: 4299 (Magistrate Judge Frensley found "that Mr. Horowitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding *in this matter*.") (emphasis added).

Plaintiff claims he has been "under the constant threat of further enforcement under the rule" since Magistrate Judge Frensley's 2022 order in the *Newby* case. [Doc. No. 30-1 at PageID #: 180.] But he is not under any more of a threat than any other lawyer who appears before the Court. Judge Trauger explained that to Plaintiff in her order in the *Gordon* case. No. 3:23-cv-01195, Doc. No. 40. Furthermore, while Magistrate

11

Judge Frensley cited LR 83.04(a)(1) and (a)(2) in his order, he did not base his holding on a presumption or failure of Plaintiff to carry his burden as set out in LR 83.04(a)(2). Rather, Magistrate Judge Frensley concluded that Plaintiff violated the standard in LR 83.04(a)(1) that the Supreme Court approved in *Gentile*: "The Court finds that Mr. Horowitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter." *Newby*, 3:22-cv-00093, Doc. No. 53 at PageID #: 4299. Consequently, Plaintiff's requested remedy, declaring LR 83.04(a)(2) unconstitutional, would not cure his claimed harm, as Magistrate Judge Frensley's sanction against him was imposed pursuant to LR 83.04(a)(1).

Additionally, there is no merit to Plaintiff's assertions that he has been silenced and unable to speak about CoreCivic after the Court's order in the *Newby* case in July 2022. [*See* Doc. No. 30-1, PageID #: 181.] Plaintiff spoke about CoreCivic after entry of the order in *Newby*. CoreCivic provided pictures of Plaintiff's post-entry posts on Twitter/X, in one of its court filings in *Tardy v. CoreCivic*, 3:22-cv-00681, Doc. No. 93 (M.D. Tenn. May 30, 2023) at PageID #: 2903-06. Notably, CoreCivic did not move to enforce LR 83.04 in response to Plaintiff's posts. Plaintiff can speak about CoreCivic. He can be interviewed by CBS News. Plaintiff's conduct shows that he will speak at times, and he will claim he is still subject to a gag order at other times. His alleged injury is self-imposed.

### III. Issuance of the temporary restraining order would harm others.

Often, "the third and fourth factors that comprise the Court's analysis—i.e., whether a temporary restraining order would cause substantial harm to others and

12

whether it would serve the public interest—'merge when the [United States] is the opposing party.'" *Blount Pride*, 690 F. Supp. 3d at 807 (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). This case is an exception. As his memorandum of law states, Plaintiff wants LR 83.04(a)(2) to be stricken so he can speak freely about CoreCivic and his pending cases. [Doc. No. 30-1, PageID #: 180, 182.] Plaintiff acknowledges that CoreCivic has previously sought to enforce LR 83.04, which evidences its interest in what Plaintiff has to say. [*Id*. at PageID #: 180.]. But CoreCivic is not a party to this action. If Plaintiff's motion is granted, CoreCivic's interests may be impacted, and it would be deprived of the opportunity to respond. This fact, too, weighs in favor of denying Plaintiff's motion.

## IV. The public interest would not be served by granting Plaintiff's motion.

"Where an important public interest would be prejudiced, the reasons for denying the injunction may be compelling." *Harrisonville v. W.S. Dickey Clay Mfg. Co.*, 289 U.S. 334, 338 (1933). "[A]s officers of the court, court personnel and attorneys have a fiduciary responsibility not to engage in public debate that will redound to the detriment of the accused or that will obstruct the fair administration of justice." *Gentile*, 501 U.S. at 1074 (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 601 n.27 (1976) (Brennan, J. concurring)). "Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding since lawyers' statements are likely to be received as especially authoritative." *Id*. (citations omitted). LR 83.04(a)(2) is a mechanism by which the Middle District of Tennessee provides guidance to attorneys about how to avoid

13

prejudicial extrajudicial speech. The public interest is served when measures are in place that prevent a party from being prejudiced by extrajudicial comments. *See Gentile*, 501 U.S. at 1072 (quoting *Sheppard v. Maxwell*, 384 U.S. at 333, 363 (1966)).

## CONCLUSION

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has not presented facts that clearly demonstrate he is entitled to the extraordinary remedy he seeks. Consequently, the Court should deny Plaintiff's motion.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Jason Snyder
Assistant United States Attorneys
Western District of Kentucky
717 W. Broadway
Louisville, KY 40202
Phone: (502) 582-6238
timothy.thompson@usdoj.gov
jason.snyder@usdoj.gov
Special Assistant United States Attorneys
Middle District of Tennessee

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, I filed this document via CM/ECF, which automatically provides service to all counsel of record:

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
Phone: (703) 682-9320
jmcclain@ij.org
bfield@ij.org

Braden H. Boucek
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Ste. 104
Roswell, GA 30075
Phone: (770) 977-2131
bboucek@southeasternlegal.org

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney