IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DANIEL A. HORWITZ, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) Case No. 3:24-cv-1180 |
| v. | ) JUDGE GIBBONS |
| | ) |
| U.S. DISTRICT COURT FOR THE | ) |
| MIDDLE DISTRICT OF TENNESSEE, *et al.* | ) |
| | ) |
|     *Defendants.* | ) |

_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS (ECF 31)**
_____

Mr. Horwitz filed this lawsuit on October 1, 2024, after 27 months of trying in vain to get the Middle District to vindicate his First Amendment rights by ruling on the constitutionality of Local Rule 83.04. Then, on November 1, he sought a preliminary injunction to prevent the Middle District from enforcing its unconstitutional rule as this case proceeds. ECF 21. While that motion was pending, on December 13, CBS News asked to interview Mr. Horwitz about some of his cases in the Middle District. *See* ECF 30-4. Mr. Horwitz tried to confer with the Judicial Defendants about how he could participate in that interview without violating Rule 83.04(a)(2)'s vague presumptions of prejudice, but the Judicial Defendants refused to offer him any leeway. As a result, Mr. Horwitz filed a motion to renew and expedite his request for preliminary injunction (or, in the alternative, for a temporary restraining order) so that he could participate in the CBS News interview. ECF 30.

The Judicial Defendants have now sought to delay this Court's consideration of Mr. Horwitz's time-sensitive request for injunctive relief. On December 23, they moved to dismiss Mr. Horwitz's constitutional challenge to Rule 83.04 based on the faulty premise that an attorney cannot affirmatively challenge a court's local rules. They argue that sovereign immunity bars a lawsuit to challenge local rules and that motions to challenge local rules in ongoing cases, like the four that Mr. Horwitz filed over the past two years, are also "improper." *See* ECF 31-1 (MTD Br.) at 4. In other words, the Judicial Defendants suggest that federal judges can enact local rules that infringe the rights of attorneys and litigants, and that there's nothing people like Mr. Horwitz can do to challenge the constitutionality of those rules short of defending themselves in enforcement proceedings.

Fortunately for the rule of law, however, local rules are subject to judicial review under a very standard exception to sovereign immunity. The Supreme Court established at least 75 years ago that sovereign immunity does not foreclose official-capacity claims for declaratory and injunctive relief, like the ones here, when federal officials are acting unconstitutionally or without lawful authority. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 687–88 (1949). But the Judicial Defendants do not mention *Larson* in their motion to dismiss, let

alone engage with its framework. Instead, their motion relies nearly exclusively on a series of cases that a would-be lawyer (and serial litigant) filed against every federal judge who presided over his series of *pro se* lawsuits demanding admission to the Colorado Bar and damages against every judge who had previously denied him relief. Those cases do not discuss the availability of injunctive relief under *Larson* because, unsurprisingly, the would-be lawyer who filed 11 successive lawsuits against an ever-growing list of judges did not cite the appropriate standard.

The Judicial Defendants' motion to dismiss is meritless. Sovereign immunity has no bearing on Mr. Horwitz's lawsuit because the Judicial Defendants have no authority to enact and enforce unconstitutional rules, and their decision to do so cannot be attributed to the sovereign. Accordingly, as *Larson* instructs, Mr. Horwitz seeks only declaratory and injunctive relief against the officials responsible for the enactment and enforcement of the challenged rule. This Court should deny the motion to dismiss and rule as expeditiously as possible on Mr. Horwitz's pending motions for injunctive relief. *See* ECF 21, 30.

### A. Official-Capacity Suits Are the Proper Way to Enjoin Federal Officials from Committing *Ultra Vires* and Unconstitutional Acts

Sovereign immunity only bars suits that seek relief against the sovereign directly— either by requiring the sovereign to act or by "disturb[ing] the sovereign's property." *Larson*, 337 U.S. at 687–88; *see also Dugan v. Rank*, 372 U.S. 609, 620 (1963) (suits against the sovereign include those that seek money from the public fisc or would compel the government's specific performance of contractual duties). "Under our constitutional system," however, "certain rights are protected against governmental action and, if such rights are infringed by the actions of officers of the Government, it is proper that the courts have the power to grant relief against those actions." *Larson*, 337 U.S. at 704; *see also Phila. Co. v. Stimson*, 223 U.S. 605, 620 (1912) ("[I]n case of an injury threatened by his illegal action, the officer cannot claim immunity from injunction process."), *superseded by statute on other grounds as recognized in Brownback v. King*, 592 U.S. 209, 211 (2021).

The Supreme Court has repeatedly recognized that the federal courts have the equitable power to stop government actors from violating the Constitution. *See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (equitable relief "has long been recognized as the proper means for preventing entities from acting unconstitutionally" (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001))); *Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution."); *Ex parte Young*, 209 U.S. 123, 149, 165, 167 (1908) (holding that sovereign immunity does not bar suits for injunctive and declaratory relief from unconstitutional conduct)); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 729 (6th Cir. 2004) ("[F]ederal courts have jurisdiction to provide injunctive relief against unconstitutional actions by federal officials." (citing *Bell*, 327 U.S. 678)). After all, "[n]o officer of the law may set that law at defiance with impunity." *United States v. Lee*, 106 U.S. 196, 220 (1882).

The "standard approach by which a party may obtain declaratory or injunctive relief with respect to a sovereign entity notwithstanding sovereign immunity" is to sue the relevant officials in their official capacity. *See Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 928 (D.C. Cir. 2012) (Kavanaugh, J.) (citing *Larson*). In *Larson*, the Court "articulated two circumstances" in which a suit against federal officers does not implicate sovereign immunity: "(1) where the officer's actions are *ultra vires*, and (2) where the officer's actions, though within his official authority, are claimed to be unconstitutional." *TransAmerica Assur. Corp. v. Settlement Cap. Corp.*, 489 F.3d 256, 260 n.2 (6th Cir. 2007); *see, e.g., Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 139–40 (1951) (holding that, under *Larson*, the Attorney General and members of the Loyalty Review Board were not entitled to sovereign immunity for putting plaintiff on a list of communists); *Kelley v. Metro. Cnty. Bd. of Educ.*, 372 F. Supp. 528, 535–36 (M.D. Tenn. 1973) (recognizing the two "well established" exceptions to sovereign immunity).

3

The action in these categories of cases "is justified on the theory that the official's conduct cannot be attributed to the sovereign because the official had no power to do the challenged acts." *McClellan v. Kimball*, 623 F.2d 83, 85 (9th Cir. 1980). As Judge Trauger explained in *Milligan v. United States*, "under the Sixth Circuit's interpretation of *Larson*, sovereign immunity does not bar … official capacity claims for injunctive or declaratory relief" when the plaintiff expressly alleges that the defendant officers are "acting unconstitutionally." 2008 WL 1994823, at *14 (M.D. Tenn. May 2, 2008); *see also Walker v. Hughes*, 558 F.2d 1247, 1249 n.1 (6th Cir. 1977) (lawsuit against a federal officer is justiciable "if the officer's actions are within his statutory powers but the powers are constitutionally void"). Because Mr. Horwitz's constitutional challenges to Rule 83.04 fit neatly within *Larson*'s framework, the Judicial Defendants cannot avail themselves of sovereign immunity.

### B. *Larson*'s Exceptions to Sovereign Immunity Apply to Injunctive Suits Against Judicial Officers

Courts apply *Larson*'s well-worn approach in suits to enjoin judicial officers.[1] In *E.V. v. Robinson*, for instance, the Ninth Circuit held that, under *Larson*, sovereign immunity did not bar a civilian's constitutional claims against a military judge even though her non-constitutional claims were barred. 906 F.3d 1082, 1098 (9th Cir. 2018). The Ninth Circuit said that Judge Robinson's attempts to invoke sovereign immunity "r[an] directly contrary to *Larson*" and "counter to our case law and that of our sister circuits." *Id.* at 1094–95 (collecting cases). It would "turn[] *Larson* on its head," the court reasoned, to treat official-capacity claims as *per se* against the United States without considering *Larson*'s two exceptions to sovereign immunity. *Id.* Although the court went on to hold that E.V. failed to state a claim against Judge Robinson, the court emphasized that "whether a plaintiff has asserted a

---

[1] Courts still apply *Larson*'s framework in all cases against federal officials who are exempt from the Administrative Procedure Act's waiver of sovereign immunity. *See, e.g., Clark v. Libr. of Cong.*, 750 F.2d 89, 102 (D.C. Cir. 1984) (Although Clark "may not take advantage of [the APA's] broad waiver of sovereign immunity," his "claims for non-monetary, specific relief are not barred by sovereign immunity" under the "well-established" rule from *Larson*.).

4

cognizable constitutional right … 'goes to the merits of the plaintiff's claims and not to sovereign immunity.'" *Id.* at 1098 (cleaned up) (quoting *Pollack v. Hogan*, 703 F.3d 117, 121 (D.C. Cir. 2012) (cleaned up)).

Consistent with the Ninth Circuit's holding in *Robinson*, several other circuits have recognized that an official-capacity suit against a court's judges is the proper mechanism to challenge that court's local rules. In one such suit filed by attorneys for a U.S. Attorney's Office, the plaintiffs first sought a writ of mandamus from the court of appeals, but the First Circuit "dismissed the petition, stating that 'the proper method for mounting a facial challenge to the validity of Local Rule 3.8(f) [wa]s through an action for declaratory and/or injunctive relief filed in the district court." *Whitehouse v. U.S. Dist. Ct. for D.R.I.*, 53 F.3d 1349, 1353 (1st Cir. 1995) (cleaned up). Similarly, in *Stern v. U.S. District Court for the District of Massachusetts*, attorneys from another U.S. Attorney's Office initially named only the district court as a defendant (alongside the Supreme Judicial Court of Massachusetts), but they eventually amended their complaint "to add as defendants the individual judges of the district court" after no one entered an appearance to defend the district court as an entity. 214 F.3d 4, 9 (1st Cir. 2000) (en banc); *see also Stern v. Supreme Jud. Ct.*, No. 1:98-cv-10896 (D. Mass. 1998) (ECF 14).

Challenges like the ones in *Stern* and *Whitehouse* were percolating nationwide in the 1990s, as prosecutors and private attorneys sued the federal and state officials who had enacted a new set of local rules at the time.[2] The courts of appeals that considered those cases

---

[2] Although some of these cases involved official-capacity claims against state judges, the analysis is the same for constitutional challenges to local rules adopted by federal judges. *See Leopold v. Manger*, 102 F.4th 491, 495–96 (D.C. Cir. 2024) ("And make no mistake, *Larson* and *Ex parte Young* share indistinguishable doctrinal underpinnings." (internal citation omitted)). *See also Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326–27 (2015) ("It is true enough that we have long held that federal courts may in some circumstances grant injunctive relief against state officers who are violating, or planning to violate, federal law. But that has been true not only with respect to violations of federal law by state officials, but also with respect to violations of federal law by federal officials." (internal citations omitted)).

5

all agreed that they were justiciable. *See United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1166 (10th Cir. 1996) (reasoning that even those decisions that did not address justiciability lent further support because "we must assume that those courts believed that the plaintiffs had standing" since the courts all reached the merits of the respective challenges to different iterations of the new local rules); *Baylson v. Disciplinary Bd. of Sup. Ct. of Pa.*, 975 F.2d 102, 104 (3d Cir. 1992); *see also Hirschkop v. Hon. Harold F. Snead,* 594 F.2d 356, 373 (4th Cir. 1979) (en banc) (ACLU suing the Justices of the Supreme Court of Virginia); *Chi. Council of Laws. v. Hon. William J. Bauer,* 522 F.2d 242 (7th Cir. 1975).

When a court's local rules exceed the scope of the court's rule-making authority or violate the Constitution, an official-capacity suit to declare the rules unlawful and enjoin the enforcement of those rules is the proper way to invoke the federal courts' equitable authority.

**C. Sovereign Immunity Does Not Bar Mr. Horwitz's Challenge to Rule 83.04**

The Judicial Defendants cannot rely on sovereign immunity to avoid challenges to their local rules. Both of *Larson*'s well-established exceptions to sovereign immunity apply in this case, for much the same reason: Mr. Horwitz's complaint alleges explicitly that Rule 83.04 violates the First Amendment and is unconstitutionally vague. Compl. ¶¶ 134–81.

The *Larson* analysis in this case is straightforward. Mr. Horwitz's constitutional challenge to Rule 83.04 is, by itself, enough to defeat sovereign immunity in a suit for declaratory and injunctive relief. *See Robinson*, 906 F.3d at 1098. That's enough to deny the motion to dismiss.

Moreover, sovereign immunity is also unavailable here because the Judicial Defendants have no legal authority to enact local rules that are "inconsistent with the statutes or Constitution of the United States." *Sibbach v. Wilson & Co.,* 312 U.S. 1, 9–10 (1941); 28 U.S.C. § 2071(a); *see also Frazier v. Heebe,* 482 U.S. 641, 645–46 (1987) ("A district court's discretion in promulgating local rules is not, however, without limits."); *Stern*, 214 F.3d at 13 ("A local rule must be both constitutional and rational[.]"); *Whitehouse*, 53 F.3d at 1355 (local rules will not be upheld if "the rule is constitutionally infirm").

6

Because Mr. Horwitz has alleged that Rule 83.04 is unconstitutional, and because the Judicial Defendants have no legal authority to enact and enforce an unconstitutional local rule, sovereign immunity does not apply in this case.

### D. Kenneth Smith's Serial Lawsuits Against the Federal Judiciary Cannot Save the Judicial Defendants from Suit

As noted above, the Judicial Defendants do not attempt to engage with *Larson*'s framework. Nor did they attempt to engage with *Stern*, *Whitehouse*, or *Hirschkop*, all of which Mr. Horwitz cited in his motion for preliminary injunction to show that official-capacity claims against judges are the proper way to challenge a local rule. Instead, they rely almost exclusively on the increasingly erratic attempts by a single *pro se* litigant, Kenneth Smith, to obtain admission to the Colorado Bar without submitting to a mental evaluation. MTD 1–2, 6 (citing *Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010); *Smith v. Scalia*, 44 F. Supp. 3d 28 (D.D.C. 2014) (detailing Mr. Smith's 11 lawsuits against an ever-growing list of judges)).

It's not surprising that the federal courts failed to consider Mr. Smith's serial lawsuits (and eventually barred him from filing more lawsuits). As the Tenth Circuit explained in an unpublished order, Mr. Smith hardly even attempted to show why sovereign immunity wouldn't bar his lawsuits. Rather than engaging with *Larson*'s framework (which he likely could not have satisfied, given his claims for damages), Mr. Smith's only argument against sovereign immunity was "that sovereign immunity itself lacks a constitutional basis." *Krieger*, 389 F. App'x at 795. Then, after the Tenth Circuit upheld a ban on Mr. Smith filing any more cases, he tried in the District Court for the District of Columbia, arguing that sovereign immunity was inapplicable both because it is unconstitutional and because it violates the International Covenant on Civil and Political Rights. *Scalia*, 44 F. Supp. 3d at 39. That claim fared no better, the D.C. Circuit explained, because Mr. Smith was suing judges for damages based on their judicial decisions. *Smith v. Scalia*, 2015 WL 13710107, at *1 (D.C. Cir. Jan. 14, 2015).

7

Mr. Horwitz, of course, is doing no such thing here. He is not asking for damages, and he is not suing the Judicial Defendants to undo their holdings in prior cases. This lawsuit simply seeks a declaration that Rule 83.04 is unconstitutional and an injunction against the future enforcement of that unconstitutional rule. Sovereign immunity does not apply.

## CONCLUSION

Mr. Horwitz filed this lawsuit because he wants to speak publicly about matters of public importance, but Rule 83.04(a)(2)'s burden-shifting and vague presumptions of prejudice impermissibly chill his legitimate speech. Since Mr. Horwitz initially sought preliminary injunctive relief on November 1, he has been asked to speak to a national television broadcaster about his cases in the Middle District. His free speech is at stake, and this lawsuit is the proper mechanism to challenge the Middle District's unconstitutional local rule. This Court should deny the motion to dismiss and grant Mr. Horwitz's pending requests for injunctive relief as quickly as possible.

Dated: January 2, 2025.

Respectfully,

*/s/ Jared McClain*

| | |
|---|---|
| Braden H. Boucek | Jared McClain |
| Tenn. BPR No. 021399 | Benjamin A. Field |
| Ga. Bar No. 396831 | INSTITUTE FOR JUSTICE |
| SOUTHEASTERN LEGAL FOUNDATION | 901 N. Glebe Rd., Ste. 900 |
| 560 W. Crossville Road, Ste. 104 | Arlington, Virginia 22203 |
| Roswell, GA 30075 | (703) 682-9320 |
| (770) 977-2131 | jmcclain@ij.org |
| bboucek@southeasternlegal.org | bfield@ij.org |

*Counsel for Plaintiff Daniel A. Horwitz*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I filed this document via CM/ECF, which automatically provides service to all counsel of record:

Michael A. Bennett
United States Attorney
Timothy D. Thompson
Jason Snyder
Assistant United States Attorneys
Western District of Kentucky
717 W. Broadway
Louisville, KY 40202
Phone: (502) 582-6238
timothy.thompson@usdoj.gov
jason.snyder@usdoj.gov
Special Assistant United States Attorneys
Middle District of Tennessee

/s/ Jared McClain
Jared McClain