UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL A. HORWITZ, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE; HON. WILLIAM L. CAMPBELL, JR.; HON. ALETA A. TRAUGER; HON. WAVERLY D. CRENSHAW, JR.; HON. ELI RICHARDSON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 3:24-CV-1180 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel A. Horwitz brought suit against the United States District Court for the Middle District of Tennessee and four individual Article III federal judges in the United States District Court for the Middle District of Tennessee. Having considered Horwitz's complaint and defendants' arguments for dismissal, this court concludes that sovereign immunity applied with respect to Horwitz's claims against the United States District Court for the Middle District of Tennessee. Accordingly, the court grants defendants' motion to dismiss, Doc. 31, in part and dismisses this action, with respect to the United States District Court for the Middle District of Tennessee. Defendants' motion to dismiss is otherwise denied because sovereign immunity does not apply to the remaining four judge defendants sued in their official capacities. Nevertheless, the court dismisses this action against the remaining judge defendants because Horwitz lacks Article III standing. Accordingly, the complaint is dismissed.

## I. BACKGROUND

Since 2020, Horwitz, a Tennessee-licensed attorney, has represented several clients who have asserted multiple claims against CoreCivic of Tennessee, LLC, a private prison contractor that houses inmates on behalf of the State of Tennessee. In this case, Horwitz challenges the constitutionality of Middle District of Tennessee Local Rule 83.04, which was applied against him in *Newby v. CoreCivic of Tennessee, LLC*, 3:22-CV-00093, (M.D. Tenn. Feb. 11, 2022). Local Rule 83.04 states:

> A lawyer who is participating in or has participated in the investigation or litigation of a matter, either directly or indirectly, must not make any extrajudicial statement (other than a quotation from or reference to public records) that the lawyer knows or reasonably should know will be disseminated by public communication and will have substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including especially that will interfere with a fair trial.

LR 83.04(a)(1). Section (a)(2) of Local Rule 83.04 provides a list of examples that likely have a material prejudicial effect on proceedings, and states that "the burden is upon the person commenting upon such matters to show that the comment did not pose such a threat [of materially prejudicing proceedings]."

In *Newby*, CoreCivic moved to enforce compliance with Local Rule 83.04, in response to Horwitz's public comments about CoreCivic and argued that Horwitz's extrajudicial speech was substantially likely to materially prejudice the proceeding. *Newby*, 3:22-CV-00093, Doc. No. 46 (M.D. Tenn. June 10, 2022). The district court agreed with CoreCivic and applied Local Rule 83.04(a)(2) against Horwitz and ordered Horwitz to refrain from making further public comments that would materially prejudice the proceedings. *Newby*, 3:22-CV-00093, Doc. No. 53 (M.D. Tenn. July 15, 2022).

Horwitz alleges that the *Newby* order has affected his ability to publicly discuss his other cases against CoreCivic because he fears sanctions by this court. Doc. 1, at 6, 22. He states that,

if it were not for Local Rule 83.04 and the previous *Newby* order, he would have accepted various media requests for comment and would have publicly commented about his pending actions against CoreCivic. *Id.* at 21–22. Accordingly, he argues that Rule 83.04 has injured and continues to injure his First Amendment right and his right to due process. *Id.* at 26.

Horwitz sued the United States District Court for the Middle District of Tennessee and the four Article III federal judges in the United States District Court for the Middle District of Tennessee for declaratory and injunctive relief. *See* Doc. 1, 33–34. Among other things, he seeks (1) a declaration that Local Rule 83.04(a)(2) violates the First Amendment, and (2) an injunction enjoining defendants from enforcing Local Rule 83.04. *Id.* According to Horwitz, he brought suit against the four Article III judges in the United District Court for the Middle District of Tennessee because they are "authorized to adopt and enforce local rules." *Id.* at 3. He brought suit against the United States District Court for the Middle District of Tennessee for the same reason. *See id.*

In response, defendants moved to dismiss Horwitz's complaint. Doc. 31. Defendants argue that this court has no subject matter jurisdiction to consider Horwitz's claims based on sovereign immunity and, therefore, the complaint must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 31-1, at 6–9.

## II. LEGAL STANDARDS

It is well-settled that federal courts are courts of limited subject matter jurisdiction. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016). It is "presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"A court that lacks subject-matter jurisdiction has no power but to dismiss the case; it may not address the merits." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

## III. DISCUSSION

Jurisdiction is a threshold issue that must be resolved before the merits are considered. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019). Therefore, this court will first consider two jurisdictional barriers: (i) sovereign immunity and (ii) Article III standing. *See, e.g., Sentinel Trust Co. v. Lavender*, 2004 U.S. Dist. LEXIS 27259, at *24 (M.D. Tenn. Dec. 13, 2004) (holding that jurisdiction must be established before considering plaintiff's pending motion for a temporary restraining order and preliminary injunction). As explained further below, this court concludes that sovereign immunity bars the claims against United States District Court for the Middle District of Tennessee. Although sovereign immunity does not bar the claims against the remaining the judge defendants, Horwitz lacks Article III standing to support his claims for declaratory and injunctive relief.

A. Sovereign Immunity

Sovereign immunity prevents litigants from suing the United States, or any of its agencies, unless it has waived sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Any "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text," *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290 (2012) (citation omitted), and must be "strictly construed, in terms of its scope, in favor of the sovereign," *Lane*, 518 U.S. at 192. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C.*,

510 U.S. at 475. If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 76 (1996).

   1. Sovereign immunity bars Horwitz's claims against the U.S. District Court for the Middle District of Tennessee.

Horwitz cannot maintain an action against U.S. District Court for the Middle District of Tennessee because of sovereign immunity. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. *F.D.I.C.*, 510 U.S. at 475. Claims brought against a federal district court, as a part of the judicial branch of the United States government, are brought against the United States. *See Kight v. U.S. Dist. Ct., N. Dist. of Georgia*, 681 F. App'x 882, 883 (11th Cir. 2017) (dismissing complaint against federal district court because of sovereign immunity); *Jones v. U.S. Dist. Ct. for the Dist. of Delaware*, 649 F. App'x 132 (3d Cir. 2016) (same); *Ward v. U.S. Dist. Ct. for the W. Dist. of Tenn.*, No. 14-2707-T-DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (same). Horwitz makes no attempt to demonstrate that there has been a waiver of sovereign immunity and, therefore, fails to meet his burden of establishing that the United States has waived its sovereign immunity.

As a result, sovereign immunity bars Horwitz's claims against the United States District Court for the Middle District of Tennessee. The court dismisses Horwitz's claims against the United States District Court for the Middle District of Tennessee with prejudice.

   2. Sovereign immunity does not bar Horwitz's claims against the U.S. District Court Judges in the Middle District of Tennessee.

Because Horwitz seeks prospective relief against federal officials in their official capacities for alleged ongoing constitutional violations, sovereign immunity does not bar his claims against

the defendant judges. In *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 704 (1949), the Supreme Court held that, in the absence of a suit that would "stop[] [the government] in its tracks" through compulsion, "certain rights are protected against governmental action and, if such rights are infringed by the actions of officers of the Government, it is proper that the courts have the power to grant relief against those actions."

The *Larson* Court held that the crucial question in determining whether sovereign immunity applies to an individual sued in his official capacity "is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign." 337 U.S. at 687. Generally, a suit seeks relief against the sovereign if the relief sought would "expend itself on the public treasury or domain," "interfere with the public administration," "restrain the Government from acting," or "compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted). But if the relief sought "will not require action by the sovereign or disturb the sovereign's property," sovereign immunity does not apply and there is "no jurisdictional difficulty." *Larson*, 337 U.S. at 687.

Defendants argue that sovereign immunity bars Horwitz's claims because the prospective relief that Horwitz seeks *is* relief against the sovereign because the relief sought would compel the judges defendants to affirmatively act. *See* Doc. 37, at 3. According to the argument, the injunction sought constitutes a form of compulsion against the United States because it would enjoin the defendant judges from enforcing Local Rule 83.04 "unless a party to the litigation provides actual evidence that (1) Plaintiff's speech is substantially likely to materially prejudice an impending trial and (2) restricting Plaintiff's speech is the least-restrictive means of ensuring a fair trial." *See* Doc. 37, at 3 (citation omitted). Contrary to defendants' suggestion, the injunction does not require them to affirmatively act. Instead, the effect of the injunction sought would

require the defendant judges to *refrain* from enforcing Local Rule 83.04. *See Injunction, Black's Law Dictionary* (12th ed. 2024) (defining an "injunction" as a "court order commanding or *preventing* an action" (emphasis added)). Defendants' argument is unpersuasive because, taken to its logical conclusion, all requests for prospective relief against officials sued in their official capacities would involve some form of compulsion and would be subject to dismissal.

The court agrees with Horwitz that, under *Larson*, sovereign immunity does not bar his suit for prospective relief from alleged unconstitutional conduct. *See* Doc. 34, at 2–7 (citing *Larson*, 337 U.S. at 687–88). Because the prospective relief that Horwitz seeks does not require action on the part of the sovereign nor does it compel the defendant judges to dispose of sovereign property, sovereign immunity does not apply. Nevertheless, Article III standing presents a separate jurisdictional barrier for Horwitz's claims against the defendant judges.

B. <u>Article III Standing</u>

The court raises the issue of Article III standing *sua sponte* because it concerns the court's subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Article III of the Constitution confines the judicial power of federal courts to deciding actual "Cases" or "Controversies." U.S. Const. art. III, § 2. "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Horwitz bears the burden of establishing standing for each of its claims. *Lujan*, 504 U.S. at 561.

To establish Article III's standing requirements, Horwitz must show (i) that he has suffered an "injury in fact," (ii) that the defendants' conduct likely caused the injury, and (iii) that the relief sought will likely redress the injury. *Id.* at 560–61. Even at the pleading stage, Horwitz must

clearly allege facts establishing each element. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). For Hortwitz to have pre-enforcement standing for prospective relief, he must show that his future injury is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Neither of Horwitz's two theories of future injury satisfy Article III standing requirements for prospective relief.[1] We address each theory in turn.

*First*, Horwitz alleges that CoreCivic is likely to invoke Local Rule 83.04(a)(2) and *may* initiate an action to the rule in the future. Doc. 1, at 20 (stating that "CoreCivic has the power to initiate an action to enforce Rule 83.04" and that CoreCivic will "likely" continue to invoke Rule 83.04). Even assuming the truth of Horwitz's allegations, without further factual enhancement, they amount to mere some-day intentions and are exactly the kind of "hypothetical" and "conjectural" sources of injury that cannot establish Article III standing. *Clapper*, 568 U.S. at 410 (holding that "a highly attenuated chain of possibilities [ ] does not satisfy the requirement that threatened injury must be certainly impending"). Although Horwitz need not wait until Local Rule 83.04(a)(2) is enforced against him to challenge the rule, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014), the Sixth Circuit has held that "it is not enough that the future injury is reasonably likely to occur—the 'threatened injury must be *certainly impending*.'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 865 (6th Cir. 2020) (emphasis added) (citation omitted). Notably, Horwitz does not allege that there are any pending motions in his current cases before the Middle District of Tennessee that seek to enforce Local Rule 83.04(a)(2) and does not even allege that he plans to violate Local Rule 83.04(a)(2). Horwitz does not offer any other reason that enforcement of Local Rule 83.04(a)(2) is "certainly impending." Because Horwitz does not allege

---

[1] Horwitz's complaint seeks prospective declaratory and injunctive relief to the extent that it seeks declarations that the Middle District of Tennessee's Local Rule 83.04(a)(2) violates the First Amendment and seeks to enjoin the individual defendant judges from enforcing the rule in the future. Doc. 1, at 33–34.

an intention to engage in a course of conduct that would violate Local Rule 83.04(a)(2) nor does he offer any other reason that enforcement of Local Rule 83.04(a)(2) is "certainly impending," he lacks standing. *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 438 (6th Cir. 2024). Horwitz has not met his burden in demonstrating a sufficient pre-enforcement injury in fact to seek declaratory and injunctive relief.

*Second*, Horwitz argues that past enforcement creates a "here-and-now" injury to his First Amendment rights because the rule continues to chill his speech. Doc. 30-1 at 2, 6; *see also* Doc. 1, at 20. Specifically, Horwitz claims that he declined a December 13, 2024 interview request from CBS News to speak about his cases against CoreCivic out of fear because CoreCivic had previously sought to enforce Local Rule 83.04(a)(2) against him almost three years ago in *Newby v. CoreCivic of Tenn., LLC*, No. 22-CV-00093 (M.D. Tenn. Feb. 11, 2022). Doc. 30-1, at 2–3. But the fact that a harm occurred years in the past "does nothing to establish a real and immediate threat" that it will occur in the future, as required for prospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983); *see also National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) ("When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review."). The Sixth Circuit has held that "mere allegations of a 'subjective chill' on protected speech are insufficient to establish an injury-in-fact for pre-enforcement standing purposes." *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 439 (6th Cir. 2024) (citation omitted). Therefore, Horwitz's alleged injury, based on a subjective chill on his speech, is not a legally cognizable injury for purposes of Article III standing.

Because Horwitz does not allege a legally cognizable injury in fact, a threshold jurisdictional requirement for Article III standing, the court dismisses Horwitz's claims against the four defendant judges for lack of subject matter jurisdiction.

## IV. CONCLUSION

Because (1) sovereign immunity bars Horwitz's claims against the United States District Court for the Middle District of Tennessee, and (2) Horwitz lacks Article III standing to bring claims against the remaining defendant judges, we dismiss this case for lack of jurisdiction. Accordingly, Horwitz's motion for a temporary restraining order and his renewed motion for a preliminary injunction, Doc. 30, are denied as moot. It is so ordered.

*Julia S. Gibbons*
JULIA S. GIBBONS
Senior United States Circuit Judge
(sitting by designation)